JULIUS P. DOUGLAS, ADMINISTRATOR, ETC.,

v.

CURTIS H. JAMES.

General Term, 1893.

*Construction of will.   Who are children.*

The testator bequeathed his entire estate, in equal shares, to " my children who may be living at the time of my decease, during their respective natural lives, and after their respective deaths, in equal shares to their respective children ; and if any child shall have died previous to my decease, leaving children, the share of such child shall go to his or her children in equal share ;   provided that, if any of my said children shall die after my decease, without children, the share of such child shall be equally divided among my other children in the same manner as my other estate." *Held*, that the grandson of one of the testator's daughters took the share of his grandmother upon her decease, although his mother had died before the making of the will, and his grandmother had no other children.

Ejectment.   Plea, the general issue.   Trial by court upon an agreed statement of facts, at the December term, Addison county, 1891, Ross, C. J., presiding.   Judgment, *pro forma*, for the plaintiff.   The defendant excepts.

*Stewart & Wilds* for the defendant.

In view of the manifest intent of the testator to divide his estate equally among his children and their lineal descendants, the words "without children" should be construed to

mean without issue. *Chaplin* v. *Doty*, 60 Vt. 712 ; *Popkin*
v. *Sargent*, 64 Mass. 327 ; *Re Brown*, 93 N. Y. 398 ; *Scott*
v. *Guernsey*, 48 N. Y. 106 ; *Low* v. *Harmony*, 72 N. Y.
408 ; *Re Pator*, 11 N. Y. 480 ; 4 Kent's Com. 419 ; *Prowitt*
v. *Rodman*, 37 N. Y. 42 ; *Balch* v. *Pickering*, 154 Mass.
303.

*Button & Button* for the plaintiff.

In the interpretation of wills words are to be understood
in their ordinary sense.    1 Red. Wills, 433 ; *Osgood* v.
*Lovering*, 33 Me. 469.

The word children in both the legal and the popular sense
denotes decendants of the first degree.    1 Am. and Eng.
Enc. Law, 229 ; *Churchill* v. *Churchill*, 2 Met. (Ky.) 466 ;
*McGuire* v. *Westmoreland*, 36 Ala. 594.

It is only when it appears that the testator did not intend
to use this word in its ordinary sense that it can be given
another.    *Radcliff* v. *Buckley*, 10 Vesey, 195 ; *Boylan* v.
*Boylan*, Phillips' Eq. (N. C.) 160 ; *Scott* v. *Nelson*, 3 Por-
ter (Ala.) 452 ; *Phillips' Devisees* v. *Beall*, 9 Dana (Ky.)
1 ; *Tillinghast* v. *De Wolf et al.*, 8 R. I. 72 ; *Churchill* v.
*Churchill*, 2 Met. (Ky.) 466 ; *McGuire* v. *Westmoreland*,
36 Ala. 594 ; *Brokaw* v. *Paterson*, 15 N. J. Eq. 194 ; *Feat's*
*Exrs.* v. *Vanatta*, 21 N. J. Eq. 85.

And this intention must be gathered from the indiscrimi-
nate use of the words "children," "issue," "decendants,"
in the will itself.    *Wythe* v. *Thurston*, Ambler 554 ; *Gale*
v. *Bennett*, Ambler 681 ; *Royle* v. *Hamilton*, 4 Vesey 437 ;
*Radcliff* v. *Buckley*, 10 Vesey 195 ; *Scott* v. *Nelson*, 3
Porter (Ala.) 452 ; *Osgood* v. *Lovering*, 33 Me. 464 ; *Re*
*Brown*, 93 N. Y. 298 ; *Scott* v. *Guernsey*, 48 N. Y. 126 ;
*Low* v. *Harmony*, 72 N. Y. 408 ; *Prowitt* v. *Rodman*, 37
N. Y. 42 ; *Bowker* v. *Bowker*, 148 Mass. 198 ; *Feat's Exrs.*
v. *Vanatta*, 21 N. J. Eq. 85 ; *Churchill* v. *Churchill*, 2
Met. (Ky.) 466 ; *McGuire* v. *Westmoreland*, 36 Ala. 594.

ROWELL, J.   The part of the will that we are called upon to construe reads as follows :—

"I give, devise, and bequeath all the remainder of my estate, real and personal, in equal shares, to my children who may be living at the time of my decease, during their respective natural lives, and after their respective deaths, in equal shares to their respective children ; and if any child shall have died previous to my decease, leaving children, the share of such child shall go to his or her children in equal shares ; provided that if any of my said children shall die after my decease, without children, the share of such child shall be equally divided among my other children in the same manner as my other estate."

Polly Hurd, the defendant's grandmother, was a daughter of the testator's, and long survived him, and died without children, her daughter, Salome James, the defendant's mother, having died before the will was made.   The demanded premises were set off to Mrs Hurd for life, and she possessed them till her death, and the defendant has possessed them since ; and the question is, whether he is entitled to them under the will.

In the first place, the testator gives life estates to his children that survive him, remainders to their children.   Had he stopped here, none of his grandchildren would take except the children of his surviving children.   But he goes on to say, that "if any child shall have died previous to my decease, leaving children, the share of such child shall go to his or her children in equal shares."   It is claimed that the words, "any child," as here used, relate equally to the testator's descendants of either degree named in the previous clause, and include grandchildren as well as children, and therefore include the defendant's mother ; that the words, "the share of such child shall go," etc., mean, that the share such child would have taken if living, "shall go," etc. ; that the words of the proviso, "if any of my said children shall die after my decease, without children," favor this con-

struction, as the words, "without children," should be construed to mean without having had children, or, without issue; and that therefore the defendant takes.

We recognize the rule that in construing wills the word *children* is deemed to have been used in its popular sense, that is, as signifying descendants in the first degree, and that this sense is not to be enlarged so as to include more remote descendants unless it appears that such was the intention of the testator. But this rule must be considered with due regard to the other rules of construction applicable to the case, and such construction adopted as will best effectuate the testator's purpose as disclosed by the will when read in the light of the attendant circumstances. Another rule is, that although an intention to disenherit an heir, even a lineal descendant, when it clearly appears, must be carried out, yet that such intention will not be attributed to a testator when he uses language capable of a construction that will not so operate.

A majority of the court thinks that the words, "any child," in the clause next before the proviso, mean any child of either class of children previously named, that is, any of the testator's own children or any of the children of his children, that is, any of his grandchildren. It is true that the verb, "shall have died," being in the second future tense, gramatically considered, points, not to what had taken place when the will was made, as the death of the defendant's mother had, but to what might take place thereafter and before the testator's death; but we do not think that the verb was here used in its strict gramatical tense, but as referring to what had already taken place when the will was made as well as to what might take place thereafter and before the testator's death, and that the words, "the share of such child shall go," etc., mean, the share such child would have taken if living shall go, etc. This enlarged sense of the word "child" is favored by the word "heirs," used in regard to the

disposition of whatever might remain of what was given to the widow, which, it is provided, "shall go to the heirs," etc., "according to the provisions hereinafter stated for the disposition of the remainder of my estate." Indeed the whole tenor of the will on this subject is to the effect that it was the intention of the testator that the remainders limited upon the respective life-estates to his children should go to the children of each life tenant or to their descendants, as the case might be, and on failure or for want of both, to his own children. This construction lets the defendant in while any other construction disenherits him ; and besides this is equality, at which the testator seems to have aimed.

*Judgment reversed and judgment for defendant.*