THE PEOPLE OF THE STATE OF NEW YORK ex rel. JONAH MAY, Overseer of the Poor of the City of Little Falls, Appellant, *v.* FRANK MAYNARD, Superintendent of the Poor of the County of Herkimer, and the TOWN OF NEWPORT, Respondents.

1. POOR LAW — OBJECT OF AMENDMENT OF 1897 — LOSS OF SETTLEMENT. *It seems*, that the object of the act (L. 1897, ch. 203) amending the Poor Law (L. 1896, ch. 225) by providing that "a person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year," was to radically change the existing law relating to the subject of the settlement of poor persons, by relieving a municipality from the obligation of supporting a poor person after he has finally left its boundaries and has resided continuously for one year in another municipality.

2. GAIN OF SETTLEMENT.   While the act of 1897 provides how a poor person may lose a settlement gained in one city or town. it does not provide how he shall gain a settlement in another city or town, and hence that subject is controlled by the unchanged provisions of the Poor Law, which are to the effect (§ 41) that a settlement cannot be gained in the town where the actual residence may be so long as the poor person or any member of his family is supported or relieved at the expense of any other municipality.

3. COUNTY CHARGE WHERE SETTLEMENT LOST WITHOUT GAINING NEW SETTLEMENT.   Where a person who had gained a settlement in a town in a county where the distinction between town and county poor exists moved from that town to a city in the same county, in 1896, and there became poor and was relieved by the overseer of the poor of the city, where he continued to reside, the bill for his maintenance being paid by the town from which he came until a year from the taking effect of the act of 1897, he then became a county charge, by force of subdivision 2 of section 42 of the Poor Law, which provides that if a person has not gained a settlement in any town or city in the county in which he shall become poor, he shall be supported and relieved by the superintendent of the poor at the expense of the county.

4. APPEAL — ORDER DISMISSING CERTIORARI.   The Court of Appeals cannot review an order which simply dismisses a common-law writ of certiorari, such an order being the result of an exercise of discretion by the court below.

*People ex rel. May* v. *Maynard,* 42 App. Div. 579, appeal dismissed.

(Argued October 3, 1899; decided October 24, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 15, 1899, dismissing a writ of certiorari and the proceedings thereon.

The facts, so far as material, are stated in the opinion.

*J. D. Beckwith* for appellant. By their continuous residence in the town of Newport for more than one year prior to coming to the city of Little Falls, while wholly self-sustaining, John Sweet and family gained a settlement in the town of Newport within the provisions of the Poor Law (L. 1896, ch. 225, § 40). The overseer of the poor of the city of Little Falls was required to support them where they were at the expense of the city, and to give notice in writing to the overseer of the poor of the town of Newport, to which said poor persons belonged, requiring him to provide for their support and relief, all of which was done. (L. 1896, ch. 225, § 42.) The provisions of section 45 of the Poor Law have been in no way modified or repealed, and relator was clearly entitled to the allowance of his entire bill and claim, and the defendant Maynard's disallowance of all that portion thereof incurred subsequent to the 7th day of April, 1898, was improper, erroneous and contrary to law, and should be corrected by this court. (*Matter of McCutcheon*, 25 Misc. Rep. 650 ; *People ex rel.* v. *Lyke*, 159 N. Y. 149 ; *Matter of Breslin*, 45 Hun, 210 ; *U. S.* v. *Cleflin*, 97 U. S. 546 ; *Coxe* v. *State*, 144 N. Y. 396 ; *Woods* v. *Bd. Suprs.*, 136 N. Y. 403 ; *Hanell* v. *Hanell*, 8 Fla. 46 ; *Conrad* v. *Hall*, 24 Mich. 275 ; *Miller* v. *McKeon*, 15 App. Div. 133 ; *Van Reper* v. *E. R. Board*, 38 N. J. L. 23.) In the court below the defendant the Town of Newport erroneously contended that the remedy of relator is by an appeal to the County Court. The determination of the superintendent sought to be reviewed was made under section 45 of the Poor Law, and no appeal is provided to review determinations made under that section. (*Vedder* v. *Schenectady County*, 5 Den. 564; *People ex rel.* v. *Town Auditors*, 8 N. Y. S. R. 531 ; *People ex rel.* v. *Preston*, 41 N. Y. S. R. 214.)

*George H. Bunce* for respondent Maynard.   All provisions of the Poor Law of 1896 inconsistent with and repugnant to the provisions of section 57, added by the Laws of 1897, are repealed by implication. (*Matter of W. S. A. & P. R. R. Co.*, 115 N. Y. 442; *People ex rel.* v. *City of Brooklyn*, 69 N. Y. 605; *People ex rel.* v. *Bd. Suprs.*, 85 N. Y. 323.) A radical change in the Poor Law has been made by the addition thereto of a new section, section 57, by chapter 203, Laws of 1897. (*People ex rel.* v. *Lyke*, 159 N. Y. 149; *Town of Onondaga* v. *City of Syracuse*, 22 Misc. Rep. 265; *City of Syracuse* v. *Co. of Onondaga*, 25 Misc. Rep. 371; *Matter of Connellan*, 25 Misc. Rep. 592; *Matter of Hawkes*, 26 Misc. Rep. 359; *People* v. *Quigg*, 59 N. Y. 88; *Matter of W. S. A. & P. R. R. Co.*, 115 N. Y. 442; *Bridgewater* v. *Plymouth*, 97 Mass. 382; *Lewiston* v. *North Yarmouth*, 5 Greenl. 66; *Goshen* v. *Richmond*, 4 Allen, 460.)   Relator erroneously contends that the term " person " in section 57 means a person other than a poor person. (L. 1897, ch. 203; *Matter of Connellan*, 25 Misc. Rep. 592.)   A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within the letter. (*People ex rel.* v. *Lacombe*, 99 N. Y. 49; *Burch* v. *Newbury*, 10 N. Y. 390; *Lyddy* v. *Long Island City*, 104 N. Y. 221; *Mark* v. *State*, 97 N. Y. 572; *People* v. *Jaehne*, 103 N. Y. 195.) The superintendent in making the determination to be reviewed acted judicially. (*Vedder* v. *Schenectady County*, 5 Den. 564; *People ex rel.* v. *Town Auditors*, 8 N. Y. S. R. 531; *People ex rel.* v. *Preston*, 41 N. Y. S. R. 214.)   If the construction put upon section 57 by the Appellate Division is correct, then the law is unconstitutional, because it operates unequally, unfairly, unjustly, discriminatingly and arbitrarily upon different towns in the same county, and the legislation becomes class legislation and arbitrary, oppressive and unjust. (L. 1896, ch. 225, § 20; *City of Rochester* v. *Supervisors*, 22 Barb. 252; *Nuns of St. Dominick* v. *Long Island City*, 48

Hun, 306 ; *Robbins* v. *Wolcott,* 66 Barb. 63 ; *Comm.* v. *Kimball,* 24 Pick. 370 ; *People ex rel.* v. *Lacombe,* 99 N. Y. 50 ; Const. N. Y. art. 1, §§ 1, 6 ; *People ex rel.* v. *Gallagher,* 93 N. Y. 438 ; *People* v. *Marx,* 99 N. Y. 386 ; *People* v. *Williams,* 35 Hun, 516 ; *People* v. *King,* 110 N. Y. 423 ; *Wynehamer* v. *People,* 13 N. Y. 378.)

*Clark L. Fellows* for respondent, the Town of Newport. By the continuous residence of one year from the 7th day of April, 1897, in the city of Little Falls, the said John Sweet and family lost their residence in the town of Newport. (L. 1897, ch. 203.) The superintendent by his decision fixes the settlement of the poor person, and the remedy of the relator is by an appeal to the county of Herkimer. (L. 1896, ch. 223, §§ 44, 49.) If section 57.(Ch. 203, L. 1897) is contrary to or inconsistent with any previous sections the latter must prevail. (*Matter of W. S. A. & P. R. R. Co.,* 115 N. Y. 442 ; *People ex rel.* v. *Bd. Suprs.,* 85 N. Y. 323.) Section 57, chapter 203, Laws of 1897, and sections 42 and 45 of the Poor Law (Ch. 225, L. 1896), are conflicting and inconsistent, and the former being the latest exhibition of the will of the law-making power must prevail. (115 N. Y. 442 ; 144 N. Y. 396.) Payment by the overseer of the poor of the town of Newport for relief to the poor persons subsequent to April 7, 1898, does not in any manner vary or modify the operations of the statute. (*Matter of Hawkes,* 26 Misc. Rep. 359 ; *City of Syracuse* v. *County of Onondaga,* 25 Misc. Rep. 371 ; *Matter of Connellan,* 25 Misc. Rep. 592.)

VANN, J. For more than one year immediately preceding July 1st, 1896, John Sweet, a person of full age, resided with his wife and five infant children in the town of Newport, county of Herkimer, and supported himself and family without aid from the public. In July, 1896, they removed to the city of Little Falls, in the same county, where they have resided ever since. In November, 1896, said Sweet, in behalf of himself and his family as poor persons, applied for relief to

the overseer of the poor of the city of Little Falls, who, within ten days thereafter, gave written notice to the overseer of the poor of the town of Newport requiring him to provide for them as required by law. Said notice was not complied with, and as no contest was made by the overseer of the poor of the town of Newport over the question of settlement as authorized by statute, the overseer of the poor of the city of Little Falls maintained said poor persons at the expense of said city until the eleventh of November, 1898. The bill for maintenance thus incurred was paid by the town of Newport until the 7th of April, 1898, but payment was refused for any relief furnished after that date. Thereupon the overseer of the poor of the city of Little Falls applied to the superintendent of the poor of the county for an allowance of the rejected portion of the bill, and after a hearing as provided by law the superintendent decided that said poor persons had lost their settlement in the town of Newport and had gained a settlement in the city of Little Falls by their continuous residence in the latter place for one year. He approved of the portion of the bill incurred prior to the 7th of April, 1898, and rejected the remainder upon the ground that the town of Newport was not liable therefor, because the law had been changed by chapter 203 of the Laws of 1897.

There is but one superintendent of the poor in the county of Herkimer, and the distinction between town and county poor exists in that county.

A writ of certiorari was issued to review the determination of the superintendent, and the Appellate Division, after hearing counsel for the city of Little Falls, the county of Herkimer and the town of Newport, which had been duly made a party to the proceeding, ordered that said writ and the proceedings thereon be dismissed, without costs. The order entered contained these words: " Opinion by Nash, J. All concur." An examination of the opinion of the learned Appellate Division shows that it held that said poor persons, " by their residence for one year in Little Falls, lost their settlement in Newport;" that " they did not, however, gain a

settlement in Little Falls," and that they had become a charge upon the county.    The relator appealed to this court.

The Poor Law, passed in 1896, is a comprehensive statute relating to the support of poor persons by the state and the counties, cities and towns of the state, and is a consolidation and revision of the various statutes relating to the subject that previously existed.    (L. 1896, ch. 225.)    Article 3rd of this statute relates to the " Settlement and Place of Relief of Poor Persons."    Section 40, entitled " Settlements, how Gained," provides that " every person of full age, who shall be a resident and inhabitant of any town or city for one year, and the members of his family who shall not have gained a separate settlement, shall be deemed settled in such town or city, and shall so remain until he shall have gained a like settlement in some other town or city in this state, or shall remove from this state and remain therefrom one year."    · The next section provides, among other things, that " no residence of any such poor person in any almshouse, while such person, or any member of his or her family is supported or relieved at the expense of any other town, city, county or state, shall operate to give such poor person a settlement in the town where such actual residence may be."    (Section 41.)    (*People ex rel. French* v. *Lyke,* 159 N. Y. 149.)

Section 42, after providing that " no person shall be removed as a poor person " from one municipality to another, directs that " if such poor person be in a county where the respective towns are liable to support their poor, and has gained a settlement in some town of the same county other than that in which he may then be, he shall be supported at the expense of the town or city where he may be, and the overseer shall, within ten days after the application for relief, give notice in writing to an overseer of the town to which he shall belong, requiring him to provide for the support and relief of such poor person."    If the latter desires to contest the allegation of the settlement of such poor person, he may do so before the county superintendent by following the procedure provided in the next section.    (Section 43.)

Section 45 provides that " the overseers of the poor of the town in which it may be alleged any poor person has gained a settlement, may, at any time after receiving such notice requiring them to provide for such person, take and receive such poor person to their town, and there support him ; if they omit to do so, or shall fail to obtain the decision of the county superintendents, so as to exonerate them from the maintenance of such poor person, the charge of giving such notice, and the expense of maintaining such person, after being allowed by the county superintendents, shall be laid before the board of supervisors at their annual meetings from year to year, as long as such expenses shall be incurred, and the supervisors shall annually add the amount of such charges to the tax to be laid upon the town to which such poor person belongs.     *     *     *"

By section 50 it is made a misdemeanor to remove or entice any poor person from one municipality to another for the purpose of avoiding the charge for support.

The statute was in this form until the 7th of April, 1897, when chapter 203 of the laws of that year went into effect. By the first section of this act the Poor Law was amended by inserting therein a new section to be known as section 57 and to read as follows: " § 57. Settlement, How lost.— A person who has gained a settlement in a town or city loses the same by a continuous residence elsewhere for one year."

It is conceded by the various parties to this appeal that, but for the passage of the act of 1897, Sweet and his family would have continued a charge upon the town of Newport, regardless of their actual residence in the city of Little Falls for a period exceeding one year.   The effect of that act is the only question relating to the merits presented by counsel upon this appeal.

We think that the object of the legislature in passing that act was to radically change the existing law relating to the subject of the settlement of poor persons, by relieving a municipality from the obligation of supporting a poor person after he has finally left its boundaries and has resided continuously for one year in another municipality.   Unless the

act referred to has this effect, we do not see that it has any effect whatever. It provides how a settlement may be lost by specifying a continuous residence elsewhere for one year as the means by which it may be lost. It does away with the legal fiction of a residence presumed to continue long after it has in fact ceased and thus simplifies the law. It also removes the temptation, held out by selfish interests to the authorities of the town of actual residence, to furnish some aid, every year, whether needed or not, to a poor person having a settlement in another town.

While, however, the new statute provides how a poor person may lose a settlement gained in one city or town, it does not provide how he shall gain a residence in another city or town, and, therefore, that subject is left to the general statute, which is unchanged in that regard. An examination of its provisions shows that a settlement cannot be gained in the town where the actual residence may be so long as the poor person or any member of his family is supported or relieved at the expense of any other municipality. (Section 41.) While, therefore, according to the act of 1897, Sweet and his family lost their settlement in Newport by their continuous residence in Little Falls for a year, they did not, under the circumstances, thereby gain a settlement in that city. The case presented is that covered by paragraph 2 of section 42, which provides that if the poor person "has not gained a settlement in any town or city in the county in which he shall become poor, sick or infirm, he shall be supported and relieved by the superintendents of the poor at the expense of the county." The legislature evidently concluded to act upon fact instead of presumption, and to relieve a town after the poor person had removed therefrom and had resided elsewhere for a year, apparently regarding it as more equitable to cast the burden of support, after a year had elapsed, upon all the towns by making it a county charge, rather than to throw it upon the town of actual residence.

We think, therefore, that the learned justices of the Appellate Division were right when they held in their opinion that

the poor persons in question lost their settlement in the town of Newport; that they did not gain a settlement in the city of Little Falls, and that they, therefore, became a charge upon the county.

The court, however, did not affirm, reverse or modify the determination of the superintendent of the poor, but dismissed the writ and the proceedings thereon. Even if the opinion is read into the decision owing to the fact that it is referred to therein (*Pringle* v. *Long Island R. R. Co.*, 157 N. Y. 100), still the opinion at its close states that " the writ should be quashed, but, as the question is new, without costs. Writ dismissed, without costs to either party. All concur."

We have held many times that we cannot review an order of the court below which simply dismisses a common-law writ of certiorari, because such an order is the result of an exercise of discretion. (*People ex rel. Coler* v. *Lord*, 157 N. Y. 408.)

An order dismissing or quashing the writ has the same effect as an order refusing to issue it in the first instance, and leaves the determination sought to be reviewed the same as if no writ had ever been issued.

As the form of the decision made by the Appellate Division was doubtless inadvertent and the questions which the parties wish to have decided are of importance to the public, we have departed from our usual rule by briefly discussing the subject, instead of dismissing the appeal without comment upon the merits.

Our actual decision, however, is that the appeal should be dismissed, but, under the circumstances, without costs.

All concur.

Appeal dismissed.