CITY OF HARTFORD *v.* TOWN OF SUFFIELD

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 10—decided December 12, 1950

*Frank A. Murphy,* assistant corporation counsel, with whom, on the brief, was *Samuel Gould,* corporation counsel, for the appellant (plaintiff).

*Henry P. Bakewell,* with whom, on the brief, was *Hugh M. Alcorn, Jr.,* for the appellee (defendant).

BROWN, C. J. The plaintiff's appeal from a judgment for the defendant after its demurrer to the complaint was sustained presents a single question of interpretation of § 247f of the 1941 Supplement to the General Statutes. The gist of the complaint as amended is that a pauper belonging to and settled in Suffield has lived in Hartford since 1931 and has not been other than a pauper for any four consecutive years during that period; that Hartford has furnished him necessary support; that on December 22, 1933, Hartford gave written notice to Suffield that he was chargeable to it; that Hartford has duly presented to Suffield itemized statements of the expenses incurred for his support since December 7, 1933; and that it has not been reimbursed for expenses totaling $655.33 for the period from May 1, 1942, to September 30, 1943. The defendant demurred to the complaint on the ground that it appeared therefrom that the pauper "had resided outside of . . . Suffield for a period of more than four consecutive years prior to May 1, 1942 . . . and

thereby lost his settlement in said Suffield." The plaintiff claims damages. Its further claim for a declaratory judgment has been abandoned.

Section 247f, upon which the demurrer is predicated, reads: "Any person, having a settlement in any town in this state, who shall have resided outside of said town for a period of four consecutive years, shall be deemed to have lost his settlement therein." This statute took effect July 1, 1941. General Statutes, Rev. 1930, § 6569. The plaintiff argues that it is prospective only in its operation and so is no bar to its claim. The defendant contends that the correct interpretation is that such a term of four years' outside residence terminates the pauper's former settlement whether this term occurred before or after the effective date of the act. It should be noted that the only question involved in the instant case concerns payments claimed to be due for support furnished the pauper subsequent to that date. "A statute is to be so construed as to carry out the intent of the legislature, this to be ascertained from the Act itself, if the language is plain, otherwise by considering it in the light of all its provisions, the object sought to be accomplished, pre-existing legislation upon the same subject, and other relevant circumstances." *Stamford* v. *Stamford,* 107 Conn. 596, 605, 141 A. 891.

There is persuasive reason for holding that the language of the act is sufficiently plain of itself to disclose the legislative intent. Words and phrases are to be construed according to the commonly approved usage of the language. General Statutes § 8890. While the statute is prospective in its effect, in that persons shall be deemed from its operative date to have lost their settlement, nevertheless within its terms the criteria upon which this effect is based might well arise either before or after that date. This results from the use of

the words "shall have resided."  We have held that the future perfect tense of a verb constitutes a convenient form of expression for giving an all-inclusive past and future application to a phrase.  "The words 'shall have levied' are susceptible of both past and future application; they furnish a convenient form for legislative use when it is desired to give all-inclusive force to a single expression.  Therefore as they may mean future, or past and future, it becomes a question of legislative intent in each statute."  *Norris* v. *Sullivan*, 47 Conn. 474, 476; see *People ex rel. Eckerson* v. *Board of Education*, 126 App. Div. 414, 417, 110 N. Y. S. 769; *Douglas* v. *James*, 66 Vt. 21, 24, 28 A. 319.  As was said by the Missouri court, "Its [the statute's] use of the future form of the verb, 'commence,' as developed in the phrase 'shall have commenced,' in correct usage in the discourse of good writers and speakers, includes the past as well as the future."  *Clark* v. *Kansas City, St. L. & C. R. Co.*, 219 Mo. 524, 535, 118 S. W. 40.  Although the phrase used by itself might mean future or past and future, the different tenses used in § 247f in the respective phrases "shall have resided" and "shall be deemed" indicate, as a matter of grammar, an intention to make the former phrase all-inclusive.

That this was the legislature's intent is corroborated by the fact that it was its purpose thereby to change the previously existing status of paupers, as is indicated by the course of legislation which it had adopted in the enactment of other statutes.  As the New York court observed concerning a statute of like nature, "It does away with the legal fiction of a residence presumed to continue long after it has in fact ceased and thus simplifies the law."  *People ex rel. May* v. *Maynard*, 160 N. Y. 453, 460, 55 N. E. 9.  Section 1636 of the General Statutes, Rev. 1918, had provided that, when any person legally settled in a town should gain

a legal settlement in another state and afterward should return to this state and become a pauper within seven years from the time when he began to acquire a settlement in the other state, the town should be chargeable with his support. Chapter 104 of the Public Acts of 1929, which became § 1711 of the General Statutes, Rev. 1930, modified this. It provided that a person having had such a settlement, upon his return to the state after an absence of four years, should be deemed to be a state pauper if he became a public charge within four years from the date of his return. The purpose of this amendment was to relieve the original town of settlement of support of such pauper regardless of whether he was a pauper during his residence outside of the state. It not only placed the burden of support upon the state but changed the criterion from gaining a "settlement" in another state to an "absence of four years" without regard to the pauper's status while absent. In 1941 this section was supplanted by § 247f, already quoted. This changed the requirement from one of absence from the state to one of residence outside of the town. It gave expression to a manifest intent by the legislature to place all peripatetic individuals, whether within or without the state, and whether pauper or otherwise, on the same footing. To accomplish this uniformity of treatment, the change in status already referred to was prescribed. From and after July 1, 1941, the sole requisite to the termination of a pauper's settlement in a given town was that he had resided outside of that town for four consecutive years prior to the date when the question arose.

The legislative intent that four years' residence outside the town of the pauper's settlement should be effective to terminate that settlement, whether such period was before or after the date when the act took effect, is confirmed by a further amendment adopted

in 1943. A subsequent legislative act may throw light on the legislative intent of a former related act. *General Realty Improvement Co.* v. *New Haven,* 133 Conn. 238, 242, 50 A. 2d 59. On July 21, 1941, the attorney general ruled that § 247f applied to persons who had resided outside of the town of settlement for four consecutive years only if they had not received relief in another town prior to the effective date of the statute in its amended form. 22 Conn. Atty. Gen. Rep. 219. The adoption of § 367g of the 1943 Supplement by the legislature gave expression to its disagreement with this interpretation through the amendment of § 247f by inserting "who has, or" before "who shall have" and by adding to the act: "The provision of this section shall apply to any person having a pauper status whether such status was fixed prior to or after October 1, 1943. . . ." This was the date when the new act took effect. Sup. 1943, § 753g. Under the circumstances, there is considerable force to the defendant's claim for application of the rule that "an amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act." *General Petroleum Corporation* v. *Smith,* 62 Ariz. 239, 247, 157 P. 2d 356. In any event, there is no doubt that it is our right and duty, in arriving at the correct meaning of § 247f, to take into consideration the terms of § 367g. 50 Am. Jur. 328, § 337. This we have done in arriving at our conclusion.

The sole authority relied upon by the plaintiff in support of its claim is *Bridgeport* v. *Greenwich,* 116 Conn. 537, 165 A. 797. We there held (p. 545) merely that the pauper's status was fixed by the statute in force when he first applied for relief. No question as to the effect of a statute changing the pauper's status, as in the instant case, was involved.

There is no error.

In this opinion the other judges concurred.