RUSSELL E. HORN *v.* STATE OF CONNECTICUT

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 176832

Memorandum filed June 6, 1974

*Michelson & Kane,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *Harry W. Hultgren, Jr.,* assistant attorney general, for the state.

GRILLO, J. By his complaint the plaintiff seeks recovery against the state of Connecticut for damages allegedly ensuing from a breach of contract relating to an agreement entered into on July 6, 1966, with the state of Connecticut whereby the plaintiff, a design engineer, agreed to perform

design engineering services for the improvement and relocation of highway route 8. This suit was instituted on June 1, 1972. Succinctly stated, the defendant contends that there is no statutory authority to support the maintaining of this action, i.e., that the state is insulated from liability since it has not consented to this suit by appropriate legislative action.

The plaintiff has made a double-barreled attack on this motion, contending that both the statute in effect at the time of the contract[1] and the amendment thereto, effective October 1, 1969,[2] authorize the bringing of this action.

The plaintiff asserts that General Statutes § 4-61 as it existed at the time of the contract permits this suit and that "to deny a remedy to designers of a public works while providing a remedy to all other parties" defies logic. With this claim the court does not agree. As set forth in footnote 1, that statute, permitting actions against the state on highway and

---

[1] "Sec. 4-61. ACTIONS AGAINST THE STATE ON HIGHWAY AND PUBLIC WORKS CONTRACTS. Any person, firm or corporation which has entered into a contract with the state, acting through the state highway department or the public works department, for the construction, repair or alteration of any state highway, bridge, building or other public works may, in the event of any disputed claims under such contract, bring an action against the state to the superior court for Hartford county for the purpose of having such claims determined, provided notice of the general nature of such claims shall have been given in writing to the department administering the contract not later than two years after the acceptance of the contract. . . ."

[2] "Sec. 4-61. ACTIONS AGAINST THE STATE ON HIGHWAY AND PUBLIC WORKS CONTRACTS. Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the *design*, construction, repair or alteration of any state highway, bridge, building or other public works may, in the event of any disputed claims under such contract, bring an action against the state to the superior court for Hartford county for the purpose of having such claims determined, provided notice of the general nature of such claims shall have been given in writing to the department administering the contract not later than two years after the acceptance . . . ." (Italics supplied.)

public works contracts, did not include contracts "for the design" of state highways. It was not until the amended statute, as set forth in footnote 2, was passed in 1969 that a right of action was authorized relative to such contracts. If the prior statute embraced contracts of the kind present in this case, the amendment to § 4-61 would have been superfluous. See *State* v. *Dennis,* 150 Conn. 245, 249. The subsequent legislative act throws light on the legislative intent of the earlier legislative act. *Baker* v. *Norwalk,* 152 Conn. 312, 317. Furthermore, we have taken judicial notice of the transcript of the legislative proceedings upon the passage of the 1969 amendment to § 4-61. See *Bird* v. *Plunkett,* 139 Conn. 491, 504. In moving for the acceptance of the amendment, a legislator stated: "This bill to some degree expands the Departments or the areas in which suits can be brought against the State of Connecticut from Public Works and Highway contracts . . . ." 13 S. Proc., pt. 5, 1969 Sess., p. 2219 (May 22, 1969).

With reference to the second claim of the plaintiff, he maintains that the amendment to § 4-61 has no substantive effect and imposes no new basis of liability; that therefore his right to proceed should be determined on the basis of the statutory language in force at the time the action was filed; and that this approach does not conflict with the numerous decisions prohibiting the retroactive application of substantive statutory provisions to prior situations. With this view the court does not agree, since it is clear that the amendment afforded a right of action to design engineers which previously did not exist. See *Pavelka* v. *St. Albert Society,* 82 Conn. 146 147–48.

Insofar as suits against a state sovereign are concerned, the cardinal rule is that the state sovereign cannot be sued without its consent unless a clear

intention otherwise is disclosed in the legislation by the use of express terms. *Baker* v. *Ives,* 162 Conn. 295, 298. "If the effect of a construction contended for 'would be to impose a liability for a past occurrence where none existed at the time, or, what is the same thing, take away a legal defense available at the time, it is to be avoided.'" *Massa* v. *Nastri,* 125 Conn. 144, 148. It is presumed that statutes affecting substantive rights are intended to operate prospectively unless they contain language unequivocally and certainly embracing past transactions. *Little* v. *Ives,* 158 Conn. 452, 457.

This amended statute is not one that operates in furtherance of a remedy that already existed. This is not a case where the amendment construed and clarified a prior act as the legislative declaration of the meaning of the original act. See *Hartford* v. *Suffield,* 137 Conn. 341, 346. The legislator's remarks, quoted above, clearly indicate this.

The court concludes, therefore, that the amendment to § 4-61 imposed on the state a liability to which the state was not subject prior to the passage of the amendment. It cannot be applied retroactively, since it creates a new right of action and is therefore substantive in character.

The motion to erase is granted.