NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE
COMPANY *v.* JOSEPH SAGNELLA ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1127

Argued September 15 – decided November 13, 1981

*Anthony F. DiPentima,* with whom, on the brief, was *John A. Carrozzella,* for the appellants (defendants).

*Charles Wood,* with whom, on the brief, was *Frederick L. Monahan, Jr.,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to obtain reimbursement for basic reparations benefits paid to the defendants, whom it insured, pursuant to its obligation under the no-fault motor vehicle insurance act. General Statutes §§ 38-319 to 38-351. The plaintiff had paid benefits totaling $1950.61 for injuries sustained by the defendants in a collision on December 5, 1976 with another vehicle. The defendants subsequently received a negotiated settlement from the tortfeasor of $8650 as compensation for their injuries. The plaintiff demanded, under § 38-325 (b), full reimbursement for the benefits it had paid, and brought this suit upon the defendants' refusal to comply. The trial court rendered judgment for the plaintiff, and the defendants subsequently filed a motion to open judgment. The defendants have appealed from the denial of this motion.[1]

---

[1] The motion to open judgment was timely filed; Practice Book, 1978, § 3007; and had the effect of extending the time to appeal from the judgment. Although the appeal is actually from the denial of this motion by

The issues presented in this appeal are whether the court erred (1) in construing the reimbursement provisions of General Statutes § 38-325 (b)[2] to extend to damages recovered by an insured from a settlement, as well as from a judgment; and (2) in disallowing any pro rata deduction for the legal services incurred by the insured in obtaining this recovery. We find no error, however, since we have consistently held that the interpretation of § 38-325 (b) given by the trial court was correct in respect to both of these issues. *Hartford Accident & Indemnity Co.* v. *Holder,* 37 Conn. Sup. 723, 726 n.3, 436 A.2d 308 (1981).

The defendants contend that the amendment of this statute by Public Act 80-131 (now § 38-325 (b), Rev. to 1981) requires a contrary result. That act expressly grants an insurer a right to reimbursement whenever the insured recovers damages "either by judgment or settlement," and provides that such reimbursement be reduced by "an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits." The defendants, although acknowledging that this act does not apply retroactively to their case, contend that the express inclusion of the word "settlement" in the act implies that § 38-325 (b), as it existed at the time of the acci-

---

the trial court, rather than from the judgment that it rendered, no objection has been raised to this irregularity, which is, therefore, deemed to be waived. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 75, 111 A.2d 547 (1955). Even in the absence of a waiver, however, the form of the appeal would not prevent us from treating it as an appeal from the judgment. *Sebastiano* v. *Corde,* 171 Conn. 324, 325, 370 A.2d 946 (1976).

[2] General Statutes § 38-325 (b), as it existed at the time this action arose, provided:

"Whenever a person who receives basic reparations benefits for an injury recovers damages . . . from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under this chapter or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid . . . [and] the insurer shall have a lien on the claimant's recovery for the amount to which he is entitled for such reimbursement."

dent, limited reimbursement only to damages recovered by way of judgment. Our review of the legislative history of this portion of the public act indicates, however, that the change in language was intended to clarify the statute rather than to effect a substantive change.[3] " '[A]n amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act.' " *Hartford* v. *Suffield,* 137 Conn. 341, 346, 77 A.2d 760 (1950), citing *General Petroleum Corp. of Cal.* v. *Smith,* 62 Ariz. 239, 247, 157 P.2d 356 (1945).

The defendants also argue that the provision in the 1980 public act allowing a pro rata deduction for the insured's attorney's fee should also be deemed a declaration of the legislative intent regarding the prior statute. It is clear from the legislative history, however, that the only clarification intended related to the inclusion of the word "settlement." The additional change regarding attorney's fees could hardly be considered a clarification, since the prior statute had no provision for the deduction of such fees. This legislative change does not persuade us that our previous holdings, which have disallowed such a deduction, should be overruled. *Aetna Ins. Co.* v. *Colbert,* 37 Conn. Sup. 794, 437 A.2d 143 (1981); *Hartford Accident & Indemnity Co.* v. *Holder,* supra.

There is no error.

SHEA, DALY and BIELUCH, Js., participated in this decision.

---

[3] See, Remarks of Rep. Tulisano, House Chairman of the Judiciary Committee; 23 H.R. Proc., Pt. 12, 1980 Sess., pp. 3629–33; who summarized the senate amendment that became P.A. 80-131 as follows: "[I]t *clarifies* the existing law dealing with no-fault reparations and the lien which the insurance company has. This would indicate that one, the basic reparation benefit, whether or not it comes from either a settlement or a lawsuit of the matter, would be applied to this: that the claimants would have, in effect, reimbursed to them that amount of money it costs them to bring an action to recover against a third party." Id., 3632. (Emphasis added.)