CALVIN DAY vs. GIDEON WELLES, EXECUTOR.

It is a well settled rule that equity will not interfere to grant a new trial in an action at law, however unjust the judgment or great the hardship, unless the judgment was obtained through fraud, accident, or mistake, unconnected with any negligence or inattention on the part of the judgment debtor.

Where, however, the garnishee in a process of foreign attachment, in which he had employed counsel, and had appeared and disclosed and been found not indebted, was served with a process of scire facias founded upon that proceeding, and failed to appear in the erroneous belief that the counsel retained by him in the original proceeding would, as a matter of course and of professional practice, appear for him in the scire facias without a further retainer, and in consequence of his not appearing judgment was rendered against him upon default, it was held that he was not to be regarded as guilty of such negligence as should de prive him of the aid of a court of chancery for the opening of the case.

The scire facias, though technically a new action, is not strictly such, but is a further proceeding in consummation of that commenced by the original process; and it seems to have been to a considerable extent, especially formerly, the under- standing of the profession, that counsel retained in the original proceeding were also retained to appear in the scire facias.

BILL in equity. The bill alleged that the respondent, as executor of John M. Niles, on the 18th of March, 1859, brought to the superior court for Hartford County an action at law against the Tunxis Company, a joint stock company located at Windsor in this state, and factorized the petitioner as the debtor of the company, claiming damages in the writ to the amount of $4,000 : that the petitioner appeared in the suit as garnishee by counsel retained by him for the purpose ; that at a later term of the court a hearing was had before the court upon the question of his indebtedness to the defendants, and that he made full disclosure and was found by the court not to be indebted, and was allowed his costs against the plaintiff in the suit ; and that judgment was rendered in the suit, at the March term of the court in the year 1861, against the defendants, for the sum of $3,480.24 damages, and $18.20 costs of suit. The bill then proceeded as follows :—

And the petitioner avers that afterwards, on the eighth day of April, 1862, a certain writ of scire facias, in favor of said Welles as said executor, issued upon said judgment, which scire facias was in all respects according to law, and the petitioner was therein cited to appear before the superior court, at the term thereof holden at Hartford on the third Tuesday of July, A. D. 1862, and show cause why judgment should not be rendered against him for the amount of said judgment; and on the said 8th day of April, 1862, service of said writ of scire facias was made upon him by a constable of said town of Hartford, by leaving a true and attested copy thereof at his usual place of abode ; but the petitioner avers that he then was and ever since has been entirely ignorant of the forms and proceedings of courts in relation to writs of garnishment and scire facias ; that he then fully supposed and believed that said writ of scire facias was so connected with the previous proceedings on which the same was founded, that no new retainer of counsel was by the practice of courts needed in said scire facias, but that the counsel by him employed in said former proceedings, and who at the time of the session of the court to which said writ of scire facias was made returnable were still practising in said court, would, as a matter of

course, as a part of their professional duty and by virtue of their original retainer, appear and defend in said scire facias. And the petitioner avers that he fully supposed and believed that the counsel who had been engaged by him, and who had acted for him in the first named action, would enter an appearance in said case in the July term of said court, and that upon that supposition he neglected to make special application to said counsel to enter their appearance in said case, as he would have done if he had not labored under said mistake as to the duty and practice of counsel in such cases ; but your petitioner avers that he was mistaken as to said practice, and that said counsel did not enter their appearance in said case as the petitioner fully supposed they had done, and that no appearance was entered for the petitioner in said case, contrary to the expectation and intention of the petitioner and without his knowledge, and that thereupon a default was taken in said action by the plaintiff therein, for the sum of $3,498.40 debt or damages and $10.61 costs, at the said term of said court, and thereupon an execution therefor was obtained of and issued by the clerk of said court, which execution is still outstanding in the hands or under the control of the attorneys of the respondent, or of some other person to the petitioner unknown, in whose hands it has been placed by them. Now the petition avers that he has a good and valid defense to said action of scire facias so brought, which defense consists of the fact that he was not indebted to the said Tunxis Company at the time the copy of the original writ against said Tunxis Company was left in service with him, and that he intended to appear in said case and make said defense, and supposed that he had so appeared by his said counsel, until this 8th day of August, A. D. 1862, when he was first informed that he was mistaken in regard to the said practice of counsel, and as to the actual appearance of said counsel in said case ; and that the petitioner has no remedy at law. The petitioner therefore prays this honorable court to inquire into the foregoing allegations, and, on finding the same to be true, to order and decree that the said Welles, and his agents and attorneys, be enjoined from levying or in any way commencing or pro-

ceeding in the levy of said execution, or in the collection of
the same ; and that said execution may be remanded, and
that the petitioner be granted a new trial in said case, and
that the said default be opened and the case re-instated in the
docket of said court, and proceeded with as if said default had
not been entered therein, and that he, the petitioner, be
allowed to enter in said case and make defense therein ; and
to grant such other relief as to equity and justice shall ap-
pertain.

The respondent demurred to the bill.    The superior court
(*Waldo, J.,*) overruled the demurrer, and granted the prayer
of the bill.    The respondent thereupon filed a motion in error
and brought the record before this court for revision.

*McFarland,* for the plaintiff in error, cited 3 Graham &
Wat. on New Trials, 875, 879, 881, 898, 900, 1003, 1460,
1487, 1491 ; *Burton* v. *Wiley,* 26 Verm., 430 ; *Carrington*
v. *Holabird,* 17 Conn., 530 ; *Pollock* v. *Gilbert,* 16 Geo.,
398 ; *Rogers* v. *Kingsbury,* 22 id., 60 ; *Stewart's Admr.* v.
*Stewart's Heirs,* 31 Ala., 207 ; *Atlantic Ins. Co.* v. *Wilson,* 5
R. Isl., 479 ; *Smith* v. *Lowry,* 1 Johns. Ch., 320 ; *State Bank*
v. *Stanton,* 2 Gilman, 352 ; *Mock* v. *Cundiff,* 6 Porter, 24 ;
*French* v. *Garner,* 7 id., 549 ; *Foster* v. *Wood,* 6 Johns. Ch.,
90 ; *Drew* v. *Hayne,* 8 Ala., 438 ; *Tapps' Admr.* v. *Rankin,*
9 Leigh, 478 ; *Essex* v. *Berry,* 2 Verm., 161 ; *Warner* v.
*Conant,* 24 id., 351 ; *Robb* v. *Halsey,* 11 Sm. & Marsh., 143 ;
*Richmond & Petersburg R. R. Co.* v. *Shippen,* 2 Pat. &
Heath, 327 ; *Wynn* v. *Wilson,* Hempstead, 698 ; *Meem* v.
*Rucker,* 10 Grat., 506 ; *Hendrick* v. *Hinckley,* 17 How.,
443 ; *Hungerford* v. *Sigerson,* 20 id., 156 ; *Matthews* v.
*Allaire,* 6 Halst., 242 ; *Stout* v. *Calver,* 6 Misso., 254 ;
*Owings* v. *Gibson,* 2 A. K. Marsh., 515 ; *Green* v. *Dodge,* 6
Ohio, 82 ; *Fiske* v. *Hunt,* 2 Story, 587 ; *Bentley* v. *Dillard,* 1
English, 79 ; *Bostwick* v. *Perkins,* 1 Kelly, 136 ; *Micheau* v.
*Cadwell,* 1 Speer, 277 ; *Marriot* v. *Hampton,* 7 T. R., 269 ;
*Bateman* v. *Willoe,* 1 Sch. & Lef., 206 ; *Nash* v. *Swinburn,* 4
Scott, *N. S.* 326.

*T. C. Perkins* and *C. E. Perkins,* for the defendant in error.

BUTLER, J. The only question raised on this motion in error is, whether the facts alleged in the bill and admitted by the demurrer entitled the petitioner to the relief sought.

The material allegations relied upon show that the petitioner was garnisheed by the respondent as the supposed debtor of the Tunxis Company, and cited to appear and disclose ; that the petitioner employed counsel to defend against the claim, and appeared and disclosed, and was found not indebted by the court ; that he was subsequently served with a copy of a scire facias, and, ignorant of the forms of proceeding in such cases, supposed and believed that it was the practice and duty of counsel, when so employed, to defend through the entire proceeding instituted to compel him to pay the debt of the Tunxis Company, and that therefore his counsel would enter a defense in the scire facias, as a matter of course, without new employment, whereas a different practice had grown up, of which he had no knowledge ; and further averring that he had a good and perfect defense, and intended to defend, and must lose the whole amount of the judgment if relief is not granted him by the court.

These facts are conceded by the demurrer, and it must be assumed that the petitioner did not owe the Tunxis Company, and but for the mistake could and would have defended successfully ; that the judgment is therefore unjust, and if collected will be greatly oppressive, and that it is against equity and good conscience for the respondent to retain it ; and the only question remaining is, whether, under the rules governing the discretion of a court of equity in such cases, it was competent for the court below to grant the relief.

It certainly does seem strange at first sight, that in a court of equity, upon an application within its jurisdiction, addressed to its discretion, and asking a new trial, the respondent may admit that the action could have been successfully defended and was groundless, and the judgment therefore unjust and oppressive, and that it is against conscience for him to retain

Day v. Welles.

and enforce it, and yet insist successfully that the petitioner can have no relief, if chargeable with any inattention or neglect.

But the rule is clear, that equity will not interfere to grant a new trial in an action at law, however unjust the judgment or great the hardship, unless the judgment was obtained through fraud, accident or mistake, unconnected with any negligence or inattention on the part of the judgment debtor, and the rule is founded on the necessity of the case ; for if it was otherwise, petitions to set aside or enjoin judgments at law would become too common, and a court of equity be compelled generally to revise decisions at law which on legal principles should be final.

The petitioner alleges that he *mistook* in relation to the *practice of counsel* at the bar of Hartford county in respect to proceedings in foreign attachment, in supposing that his employment of counsel to defend against the claim made upon him would extend through the entire proceedings, whereas by the practice of counsel in relation to their employment, of which he was ignorant, the scire facias is treated as a new case, requiring a new employment, and therefore his counsel did not defend. Was that a negligent mistake ?

The proceeding in favor of a creditor to attach and appropriate the debt of a third person due the debtor, is given by statute. It is one entire provision and proceeding for a single purpose, consisting of several steps where necessary, of which the scire facias is one. The respondent is not entirely right therefore in claiming that by presumption of law the petitioner " knew that in every particular it was a new action for a new cause and between different parties." It is a new process, and a new step or stage in the proceeding, to effect the same purpose that is provided for by the citation and disclosure, but the *cause* and *purpose* are the same, and on the trial the *issue* is the same.*

Nor is the respondent entirely right in claiming that the counsel who acted on the trial of the citation and disclosure is properly at liberty, in the absence of further express employ-

---

* In support of this view see *Sherwood* v. *Stevenson*, 25 Conn., 431.　　　R.

ment, to act for the opposite party on the scire facias. It is in the nature of a new trial under a new process. The issue being the same, and the case substantially the same, there would be an impropriety in the taking of a retainer on the opposite side and carrying to the opposite party all the information obtained in confidential relation with his original client and on a previous trial. Nor are we aware that such a practice has ever existed. On the contrary, although it may be and doubtless is proper that counsel should charge a retaining fee in the scire facias, we do not think it has been regarded generally by the profession in the state as so distinct and independent as to require a new express employment; and so far as we know, prior to the adoption of the recent rule dispensing with the calling of the dockets at the commencement of the term, it was the practice of counsel employed generally by garnishees, and deemed their duty, to enter their names in actions of scire facias brought against their clients on the calling of the docket, without a new employment and as a matter of course. The practice was a natural, and we believe, general one, and within the scope of the employment, as generally understood by counsel and clients.

Such being the nature of the proceeding, and the former and probably in some counties the still prevalent practice, we can not find that Mr. Day was guilty of negligence or of culpable inattention, in acting on the supposition that his employment of counsel was understood to extend to the entire proceeding in all its stages, and that the scire facias would be defended by them without a new express employment by him.

Without intending therefore to evade or relax the salutary rule, to which courts of equity must necessarily and strictly adhere, and which has been so clearly set forth by the counsel of the respondent, we yet feel constrained to hold that the petitioner was under a mistake in relation to the extent and effect of his employment of counsel, and of their practice in respect to such employment, which did not involve such personal negligence on his part, or such negligence on the part

of his counsel as such, as should preclude him from the relief sought, and that there is no error in the record.

In this opinion the other judges concurred.