ALVORD E. WINCHELL, EXECUTOR, ET AL. *vs.* HOWARD H. SANGER ET AL.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Upon *A's* death all her property was inherited by her only sister, *B*, who disposed of it, together with her own, under her will, pursuant to an understanding had with *A*. *Held* that *B's* legatees and devisees were the real parties defendant in an action against *A's* administrator to recover a claim presented against *A's* estate.

Where a judgment is obtained against an estate because of the mistake of the administrator as to the extent of his legal duty in contesting the claim, the parties beneficially interested in the estate ought, upon seasonable application, to be granted a new trial; provided it appear that they had no knowledge of such action prior to the rendition of the judgment, and that a good defense in whole or in part existed which, upon a new trial, would probably be sustained.

Whether an administrator or executor can waive the presentation of a claim against the estate within the time limited therefor, *quære*.

The administrator on an estate is in a sense a trustee for all the parties interested therein; and it is his duty to protect these persons from every demand against the estate which is not legally enforceable.

Argued October 26th—decided December 18th, 1900.

ACTION to obtain a new trial, for an injunction and other equitable relief, brought to the Superior Court in New Haven

County and tried to the court, *Thayer, J.;* facts found and judgment rendered for the defendants, and appeal by certain of the plaintiffs for alleged errors in the findings and rulings of the court. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Henry G. Newton* and *Harrison Hewitt*, for the appellants (plaintiffs).

*John A. Matthewman*, for the appellees (defendants).

ANDREWS, C. J. We think the plaintiffs' motion for the amendment of the finding should be allowed, so far as to put into the finding paragraphs 11 and 26 of their proposed finding. These paragraphs are marked " proven " by the judge, and they are essential to the questions of law which the plaintiffs present.

Taking the controlling facts of the case from the finding, and condensing them closely, we have this condition of things : Lura Bailey and Marietta Bailey were maiden sisters. They were quite advanced in years and were greatly broken in health and body. Marietta was blind. They had lived with their father till he died. A brother had lived with them till 1891, when he died childless. They were then each the sole heir of the other. Howard H. Sanger had as a boy lived with their father. When he became twenty-one years of age he went away and was gone some years. He then came back and worked in the family. Their brother paid him $10 and $15 a month. After the brother died he cared for the sisters. He received some compensation from them, but it was always understood that he was not fully paid. Both these sisters died in the summer of 1897. Shortly before they died they agreed on a form of a will which should be executed by each of them, so that whoever died first said Sanger should receive $8,000, and the rest of the property should be disposed of as was specified in said form. Lura died July 20th, 1897, intestate, and before such will was prepared, and all her property descended to Marietta. Julius C. Cable was appointed admin-

istrator on her estate, and six months was limited for the presentation of claims against the estate.

On the 12th day of August, 1897, Marietta Bailey made her will* by which she disposed of all the property according to

---

*I, Marietta Bailey, of the city and town of New Haven, and State of Connecticut, being of sound and disposing mind, make and declare this instrument to be my last will and testament.

After all claims against my estate are paid I give and bequeath to the First Baptist Church, of New Haven, Conn., the tract or portion of land situated in the city of New Haven, bounded as follows (description omitted); with the house now occupied by me as my residence, with the buildings and appurtenances thereto belonging.

I further direct that two thirds of the income or proceeds from the sale of the aforesaid property or estate be appropriated by the said Baptist Church to the support of the foreign and home missions of said church, at its discretion, and that the remaining third derived from the income or sale of the aforesaid property be reserved by the said First Baptist Church for its own benefit and use.

I bequeath to the Grand Avenue Baptist Church, of New Haven, the sum of five hundred dollars. I give to the New Haven City Burial Ground Association the sum of five hundred dollars, to be used as a fund for the care and maintenance of our family burial lot in sd. burial ground.

I give other bequests as follows:

To George E. Bailey, of Orange, Conn., the sum of one thousand dollars.

To Joseph William Bailey, of Orange, Conn., the sum of one thousand dollars.

To George E. Bailey, of Orange, Conn., the sum of five hundred dollars.

I give and bequeath to the City Missionary Association of New Haven the sum of one thousand dollars.

To the Woman's Seamen's Friend Society of Connecticut, the sum of one thousand dollars.

I further direct that the residue of my estate after all indebtedness and bequests have been paid shall be divided equally between the City Missionary Association of New Haven and the Woman's Seamen's Friend Society of Connecticut.

I hereby appoint Alvord E. Winchell my executor of this will and testament.

In testimony whereof I have hereunto set my hand and seal, this 12th day of August, A. D. 1897.

her<br>
MARIETTA X BAILEY.   [Seal]<br>
mark

the said agreement with her sister. She appointed Alvord E. Winchell as her executor. The same day that she made the will she executed a note for $8,000 payable to the said Howard H. Sanger, and caused Mr. Winchell to deliver it to Sanger. Mr. Winchell supposed this note paid for all the services Sanger had rendered to both sisters to the time of its date. The note and the will fully carried out the whole agreement she had made with her sister Lura. Marietta died on the 28th day of October then next. The will was approved on the 12th day of November and the executor qualified. Shortly afterwards and before he knew that Sanger had presented any claim against the estate of Lura Bailey, the executor paid the said note of Marietta, still supposing that it paid Sanger for all the services he had rendered to both sisters.

Within the time limited Sanger presented a claim against the estate of Lura for his own services amounting to $3,500, and his wife presented one for $750. These were both disallowed. No other claim was presented within the six months. Thereafter, but within four months from such disallowance, Sanger brought a suit upon said claim against Cable, the administrator, in the Superior Court. In his bill of particulars he claimed $4,250. The *ad damnum* was $4,500. That suit was sent to a committee. While the suit was pending before the committee and after the time for the presentation of claims had elapsed, the court, on motion, permitted the *ad damnum* to be increased to $9,000. There was no permission to change the bill of particulars, otherwise than was implied in the permission to change the *ad damnum*. The bill of particulars was in fact so amended as to claim $8,895.83 and interest, for services performed for Lura. The committee reported in favor of Sanger to recover $8,500. There was a remonstrance to the report, but no contest on the remonstrance. By agreement of the parties a judgment was rendered in favor of Sanger for $7,972.25 and costs.

So far as appears Mr. Cable did not call the attention of the court, nor of the committee, to the fact that the claims presented to him by Sanger amounted to only $4,200. The payment by Winchell of the said note to Sanger was not

pleaded, either as a payment or as set-off. Winchell testified before the committee to the giving and payment of the said note, and that it paid for all the services rendered by Sanger to both the sisters; but Mr. Cable, the administrator, withdrew this whole matter from the consideration of the committee.

The relation of these sisters in their lives seems to have been one of singular confidence and affection. They lived together as one family, and as though they had a common purse, and as though all the estate they had was held in common. Services rendered to either they regarded as rendered to both; and what either owed was the debt of both. By the agreement made shortly before the death of Lura they did in fact put all their estate into a common fund. It was to be the property of the survivor; all the debts of both were to be paid and then the whole estate was to be disposed of as stated in that agreement. Marietta, the survivor, sought to carry out the agreement. She paid the only debt of any consequence they or either of them owed—the one to Sanger—by giving him the note, and then bequeathed the whole estate of both to the parties who had been agreed upon. She died only a few days more than three months after her sister. As they had been lovely and pleasant in their lives, it so happened that in their deaths they were not long divided.

By the agreement of these two sisters and by this will made pursuant thereto, the plaintiffs in this case are interested in the estate of Lura. They are legatees, and their legacies will be required, in whole or in part, to satisfy the judgment in the said case of Sanger v. Cable. They are, in interest, the real parties defendant in that case. They are the real parties against whom judgment in that case was rendered; the real judgment debtors. It is their property which will be taken to pay that judgment if it is allowed to stand. They are parties who, under the Practice Act, could and should have been made defendants in that case. They were parties who had an interest in the controversy adverse to the plaintiff; but they had no notice of that action and had no opportunity to appear and be made defendants.

Section 1125 of the General Statutes provides that new trials may be granted by the Superior Court, of any case which has come before it, for "mispleading; the discovery of new evidence; want of actual notice of the suit to any defendant, or of a reasonable opportunity to appear and defend, when a just defense in whole or in part existed; or any other reasonable cause, according to the usual rules in such cases."

In applying this statute the decisions of this court have established the rule that a new trial is not to be granted unless the judgment was obtained through fraud, accident, or mistake, unconnected with any negligence or inattention on the part of the judgment debtor; and that in cases where a judgment has been obtained through fraud, accident, or mistake, or other like causes, and when there has been no negligence or inattention on the part of the judgment debtor, a new trial ordinarily will be granted. *Day* v. *Welles*, 31 Conn. 344, 349; *Seymour* v. *Miller*, 32 id. 402; *Skidmore* v. *Clark*, 47 id. 20; *Litchfield's Appeal*, 28 id. 127, 137; *Wells* v. *Bridgeport Hydraulic Co.*, 30 id. 316, 322; *Knowles* v. *Northrop*, 53 id. 360; *Husted* v. *Mead*, 58 id. 55; *Wildman* v. *Wildman*, 72 id. 262; 2 Sto. Eq. (10th ed.) § 896.

If we turn to the résumé of the facts made above we see that no negligence or inattention can be charged to the present plaintiffs, for the reason that they had no notice of the said case of Sanger v. Cable, Administrator, till after the judgment therein was rendered. The Superior Court, in any case brought under the statute, would doubtless refuse a new trial, unless it was shown that a just defense in whole or in part existed, which, in the event a new trial was had, could probably be sustained. The finding now before us shows that two grounds of defense existed in respect to which the present plaintiffs make their claims. They say, in the first place, that so much of said judgment as exceeds the sum of $4,250—the amount presented to the administrator within the time limited for the presentation of claims— is wholly erroneous and void. They cite authorities to show that a claim not presented against an estate when there is a limitation, within the time so limited, cannot be recovered;

that the estate cannot be rendered liable for it; that this is an objection which the administrator or executor cannot waive. Wood on Lim. of Act. § 190; Black on Judgm. 392; *Peck* v. *Botsford,* 7 Conn. 172; *Ensign* v. *Batterson,* 68 id. 298; *Frisbie* v. *Preston,* 67 id. 448; *Cone* v. *Dunham,* 59 id. 145; *Rhodes* v. *Seymour,* 36 id. 1; *Thayer* v. *Hollis,* 3 Met. 369; *Thompson* v. *Brown,* 16 Mass. 172; *Heath* v. *Wells,* 5 Pick. 139; *Tarbell* v. *Parker,* 106 Mass. 347, 349; *Amoskeag Mfg. Co.* v. *Barnes,* 48 N. H. 25; 8 Amer. & Eng. Ency. of Law (2d ed.), 1091. These authorities seem to raise quite a strong probability in favor of the claim made by the plaintiffs on this part of the case.

The plaintiffs further say that the giving of said note and the payment by Mr. Winchell should have been pleaded by the administrator as payment in full of Sanger's demands; that if it had been pleaded the defense could have been successfully maintained. Mr. Winchell understood the giving of the note and the payment to be in full for Sanger's services to both sisters. Sanger knew these sisters. He had lived with them for a long time. He knew the way they did business and what property they had. And so the plaintiffs say that when Sanger took the money on the note he must be presumed to have known that Mr. Winchell was paying the money in the belief that it paid for all his services, and to have accepted it in the same sense. *Ford* v. *Hubinger,* 64 Conn. 129. The agreement made by the sisters in respect to paying Sanger proves that when Marietta made the note she intended it as payment for his services; she did not intend a gift. If, then, Sanger did not take the money as payment, it is certain that he has money in his possession which does not belong to him; money for which he must account, or which he must return. The theory of a gift cannot be sustained. There can be no gift unless it is shown that Marietta intended a gift; and as we have seen, the facts show the contrary. And besides, her own note could not be a gift. It could not be a gift *inter vivos,* because there was no delivery; nor could it be a good *donatio causa mortis,* for the same reason. *Sanborn* v. *Sanborn,* 65 N. H. 172.

The administrator on an estate is in a sense a trustee for all the parties interested in that estate. *Farr* v. *Newman*, 4 Term, 621, 645 (Ashhurst, J.); *Weeks* v. *Gibbs*, 9 Mass. 74, 75; Williams on Executors, [637]. It is his duty to protect these persons against every demand made against the estate which is not legally enforceable. As no fraud is charged against the administrator, no fraud can be imputed to him. The finding shows that one matter of defense which went to the entire demand, was by this administrator wholly withdrawn from the consideration of the committee; and that another matter of defense which went to nearly half the demand was by his agreement waived. We suppose the administrator acted through mistake; being mistaken as to the law applicable to the circumstances in which he was placed, and of the nature and extent of his duty in the premises, he was mistaken in the line of conduct which it was his duty to pursue. *Day* v. *Welles*, 31 Conn. 344, 349.

. It would appear then that these plaintiffs ought to have a new trial. They had no notice of said suit, and of course had no opportunity to appear and defend; and all the time a just defense in whole or in part existed. We think the Superior Court erred in rendering judgment for the defendants. The authorities we have cited in this opinion show that it is an error which this court may review. There should be a judgment granting a new trial in the said case of Howard H. Sanger v. Julius C. Cable, Administrator, with liberty to the plaintiffs in this case to appear therein and be made parties, and to file such other and further pleadings as they may be advised are necessary to present their own claims or to make defense against the claims of the said Sanger.

The defendants in the present case filed and had allowed a bill of exceptions. We think none of the assignments of error are well taken.

There is error; the judgment is set aside, and the case is remanded to the Superior Court to be proceeded with according to this opinion.

In this opinion the other judges concurred.