WILLIAM H. KINGSTON, GUARDIAN, APPEAL FROM DOINGS OF COMMISSIONERS (ESTATE OF CARL AUGUST ZAPPEL)

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 68543

Memorandum filed April 22, 1947.

*William H. Kingston,* of Ansonia, *and Charles M. Lyman,* of New Haven, for the Plaintiff.

*Leon E. McCarthy,* of Ansonia, for the Defendant.

ROBERTS, J. The appellant's motion to expunge filed April 9, 1947, is addressed to the statement of claim on appeal from commissioners filed by the appellees March 12, 1947. Said statement of claim was filed pursrant to § 90 of the Practice Book.

Section 90 provides in part that "To such statement the adverse party, . . . shall plead, and thereafter the pleadings shall continue until issues are joined as in civil actions." The motion to expunge was filed April 9, 1947, after the filing of the motion for judgment by default by the appellees on April 8, 1947. It appears that some twenty-seven days had expired between the

filing of said statement of claim and the motion to expunge, which would be beyond the time allowed for the filing of such a pleading pursuant to § 86 of the Practice Book. Therefore said motion to expunge was not filed in time, even considering § 5534 of the Genral Statutes in conjunction with said § 86.

An amendment of claim is allowed before the Superior Court on appeal provided it does not change the ground of action. General Satutes § 5544. "Great latitude is allowed to the discretion of the court in permitting amendments of and additions to the first statement by a plaintiff of his claim." *Huntington's Appeal*, 73 Conn. 582, 585. The trial in the Superior Court in an appeal of this kind is wholly a trial de novo. Amendments in this type of action are to be liberally expounded. *Cothren's Appeal from Commissioners*, 59 Conn. 545, 548; *Donahue's Appeal from Commissioners*, 62 Conn. 370, 373, citing *Bulkley* v *Andrews*, 39 Conn. 523, 535.

In the opinion of the court, in view of the liberal amendments allowed as indicated by the above cases, the portions of the statement of claim sought to be expunged do not change the ground of action so as to make the subject to the motion to expunge. Technicalities of pleading in proceedings before the commissioners are not necessary, and it would therefore follow that this court should also be liberal and not technical in such actions. *Mead's Appeal from Probate*, 46 Conn. 417, 429. Although it may appear that the matters covered in the motion to expunge are in some degrees irrelevant, immaterial, or evidential, they are not so entirely irrelevant, immaterial or evidential as to be subject to a motion to expunge. They are matters that can be excluded, if not entirely proper, at the time of trial of the issues in this case. *Donovan* v. *Davis*, 85 Conn. 394, 398.

Motions to expunge are not favored in the ordinary case, if the allegations sought to be expunged tend to more fully state the plaintiff's claim. This would be especially true in the instant case, as much lattude is allowed in the statement of claims in appeals from commissoners. *Bitello* v. *Lipson*, 80 Conn. 497, 503; *LaFrance* v. *LaFrance*, 127 Conn. 149, 153; *L. & E. Wertheimer, Inc.* v. *Wehle-Hartford Co.*, 126 Conn. 30, 36.

Because of the foregoing reasons it would appear that the motion should be denied.

The motion to expunge is denied.