ARTHUR KLEIN, EXECUTOR (ESTATE OF PHILIP R. KRESEL) *v.* LOUIS FEINMARK

| SUPERIOR COURT | NEW HAVEN COUNTY AT NEW HAVEN | FILE NO. 93299 |
| --- | --- | --- |

242

Memorandum filed December 27, 1960

*Frederic M. Klein,* of New Haven, for the plaintiff.

*Irving Smirnoff* and *Arnold Markle,* both of New Haven, for the defendant.

MacDonald, J. Within the time limited by the Probate Court, for the district of New Haven for the presentation of claims, the defendant, an attorney, presented a claim in the amount of $5000, for legal services rendered to decedent, which was disallowed by the plaintiff, as executor, after which commissioners were appointed who allowed $3500 and disallowed $1500 of said claim. From this action on the part of the commissioners, the plaintiff took this appeal, after which, on August 23, 1960, the defendant filed herein his statement of claim, claiming $10,000 damages. On September 9, 1960, the plaintiff filed a motion for more specific statement without in any way attacking, in such motion, the $10,000 ad damnum in the statement. In response to this motion, the defendant filed a more specific statement, in paragraph 2 of which he set forth the claim that the reasonable value of the legal services he had rendered to decedent was $10,000.

The plaintiff now claims that the defendant cannot increase his ad damnum above the amount originally filed as his claim with the executor, citing

1 Locke & Kohn, Conn. Probate Practice, p. 432, for the proposition that "the amount claimed [in a statement of claim] may not be increased by amendment." He also maintains that under § 45-205 of the General Statutes this court has no jurisdiction to allow the defendant an amount in excess of that originally presented to the executor within the time limited by order of the Probate Court. The authority cited for these propositions under the relevant section of Locke & Kohn and in the annotations under the statute in Connecticut General Statutes Annotated § 45-205, note 9, "Amendment of claim," is the Connecticut decision relied upon by the plaintiff in his brief, *Winchell* v. *Sanger,* 73 Conn. 399, which he, as well as the authorities above mentioned, cites for the proposition that "[w]here a claim was presented against the estate of a decedent and disallowed, and claimant brought an action thereon against the administrator during the time limited, it was error to allow claimant, during its pendency, but after the time allowed for the presentation of claims, to increase the amount of his claim, since an estate is not liable on a claim not presented within the time limited." Conn. Gen. Stat. Ann. § 45-205 n.9.

A careful reading of the *Winchell* case, supra, however, shows a set of facts and a procedure followed by the court that distinguish it from the instant case, as well as an indication in the language of the opinion that a new trial was ordered for a number of unrelated reasons. For example, it appears (p. 402) that the matter of increasing the amount of the claim occurred in the following manner: "Within the time limited Sanger presented a claim against the estate of Lura for his own services amounting to $3,500, and his wife presented one for $750. These were both disallowed. No other claim was presented within the six months. Thereafter, but within four months from such disallowance,

Sanger brought a suit upon said claim against Cable, the administrator, in the Superior Court. In his bill of particulars he claimed $4,250. The *ad damnum* was $4,500. That suit was sent to a committee. While the suit was pending before the committee and after the time for the presentation of claims had elapsed, the court, on motion, permitted the *ad damnum* to be increased to $9,000. There was no permission to change the bill of particulars, otherwise than was implied in the permission to change the *ad damnum*. The bill of particulars was in fact so amended as to claim $8,895.83 and interest, for services performed for Lura. The committee reported in favor of Sanger to recover $8,500. There was a remonstrance to the report, but no contest on the remonstrance. By agreement of the parties a judgment was rendered in favor of Sanger for $7,972.25 and costs. So far as appears Mr. Cable did not call the attention of the court, nor of the committee, to the fact that the claims presented to him by Sanger amounted to only $4,200. The payment by Winchell of the . . . note to Sanger was not pleaded, either as a payment or as set-off. Winchell testified before the committee to the giving and payment of the said note, and that it paid for all the services rendered by Sanger to both the sisters; but Mr. Cable, the administrator, withdrew this whole matter from the consideration of the committee."

The court then refers to several defenses to the claim, one of which is that "a claim not presented against an estate . . . within the time . . . limited, cannot be recovered" (p. 404) ; another that "the giving of said note and the payment by Mr. Winchell should have been pleaded . . . as payment in full of Sanger's demands; that if it had been pleaded, the defense could have been successfully maintained" (p. 405). The opinion then concludes with the follow-

ing language (p. 406): "It would appear then that these plaintiffs ought to have a new trial. They had no notice of said suit, and of course had no opportunity to appear and defend; and all the time a just defense in whole or in part existed. We think the Superior Court erred in rendering judgment for the defendants. The authorities we have cited in this opinion show that it is an error which this court may review. There should be a judgment granting a new trial in the said case of Howard H. Sanger v. Julius C. Cable, Administrator, with liberty to the plaintiffs in this case to appear therein and be made parties, and to file such other and further pleadings as they may be advised are necessary to present their own claims or to make defense against the claims of the said Sanger."

For the reasons indicated, the *Winchell* case would not appear to be controlling. Here, the ad damnum was not increased upon motion after the institution of this appeal. It was given as $10,000 in the statement of claim filed August 24, 1960; it was stated to be the value of the defendant's services in the more specific statement filed November 5, 1960. There was no claim that the plaintiff had no notice and "no opportunity to appear and defend" against the increase in amount claimed, as was true in the *Winchell* case. As a matter of fact, the plaintiff had the opportunity to be heard at the time he filed his motion for a more specific statement if he had at that time attacked the ad damnum in the statement of claim. Under § 60 of the Practice Book, he should have included in that motion "every defect then existing not properly reached by a plea in abatement or demurrer." The fact that he did not do so and continues to file additional motions addressed to the statement is contrary to the objective of good pleadings set forth in *Donovan* v. *Davis,* 85 Conn. 394, 398. Under this decision and that in *Raymond* v.

*Bailey,* 98 Conn. 201, it would seem that the plaintiff should raise his objections in the form of a special defense, allow the pleadings to be closed and make it possible for this matter to be heard on its merits at the earliest possible date.

Under *Silverstone* v. *Lillie,* 141 Conn. 104, 108, *Freda* v. *Smith,* 142 Conn. 126, 132, and the authorities therein cited, it seems clear that this court is hearing the defendant's claim de novo and that the defendant is not limited to the amount originally claimed before, or fixed by, the commissioners. Under *Duvall* v. *Birden,* 124 Conn. 43, it further appears that the defendant is not limited in these proceedings by the amount stated in the claim originally filed with the executor. In the *Duvall* case, supra, 50, the court states: "Since it stands admitted upon the complaint and answer that this claim of July 2d constituted a more particular statement of the plaintiff's original claim, and its allegations expressly apportion the $2500 total reasonable value of the services among the three particular items of service, each of the nature and total value expressly stated, if strict rules of pleading are to be applied, it may be that the plaintiff could not recover for any one kind of service a sum in excess of that stated as the value thereof. As is clear from the authorities above referred to, however, those rules do not apply. Within the principles laid down by those decisions we conclude that the two claims presented by the plaintiff taken together fairly informed the defendant that she had a claim for services for the period and of the general nature stated for $2500, and that the itemization referred to in the second claim did not restrict her right of recovery for each of the three sorts of service to the particular value stated in connection therewith. This constituted a descriptive approximation rather than a limitation. This conclusion accords with legislative policy as to

claims against insolvent estates which we have said are of similar character, as indicated by the enactment of § 5544 of the . . . [1930 Revision, now General Statutes § 52-131], specifically providing for the amendment of the claim when it comes into court so long as the 'ground of action' be not changed, a statute interpreted by this court in *Huntington's Appeal,* [73 Conn. 582, 585]. The court did not err in its charge upon this point."

Section 52-131 of the General Statutes, allowing amendments of claims in insolvent estates provided the amendment does not change the ground of the action, and § 45-211, allowing the same right in appeals involving solvent estates, indicate an intention on the part of our legislature to permit latitude in this type of appeal, and this latitude has been reflected in the decisions of our courts. So, in *Kingston's Appeal,* 15 Conn. Sup. 34, 35, the court states: "An amendment of claim is allowed before the Superior Court on appeal provided it does not change the ground of action. General Statutes [Rev. 1930] § 5544. 'Great latitude is allowed to the discretion of the court in permitting amendments of and additions to the first statement by a plaintiff of his claim.' *Huntington's Appeal,* 73 Conn. 582, 585. The trial in the Superior Court in an appeal of this kind is wholly a trial de novo. Amendments in this type of action are to be liberally expounded. *Cothren's Appeal from Commissioners,* 59 Conn. 545, 548; *Donahue's Appeal from Commissioners,* 62 Conn. 370, 373, citing *Bulkley* v. *Andrews,* 39 Conn. 523, 535. In the opinion of the court, in view of the liberal amendments allowed as indicated by the above cases, the portions of the statement of claim sought to be expunged do not change the ground of action so as to make . . . [them] subject to the motion to expunge. Technicalities of pleading in proceedings before the commissioners are not neces-

sary, and it would therefore follow that this court should also be liberal and not technical in such actions. . . . Motions to expunge are not favored in the ordinary case, if the allegations sought to be expunged tend to more fully state the plaintiff's claim. This would be especially true in the instant case, as much latitude is allowed in the statement of claims in appeals from commissioners. . . ."

In keeping with the apparent liberality of our courts and legislature with respect to appeals of this type, and in the absence of any controlling authority to the contrary, the plaintiff's motion to correct is denied.