## EZRA P. BENNETT'S APPEAL FROM PROBATE.

The decision of commissioners on an insolvent estate, in allowing or rejecting a
claim before them, can not be reviewed upon an appeal from the report of the
probate court accepting the commissioners' report, but only on an appeal taken
directly from the doings of the commissioners.

APPEAL from a decree of the court of probate for the dis-
trict of Danbury, accepting the report of commissioners on
the estate of George W. Ives represented insolvent. The
appellant had obtained a judgment against the executor of
Ives, (30 Conn. 329, and 31 id., 276,) and had presented it
to the commissioners on the estate, by whom it was disal-
lowed. The commissioners' report having been accepted by
the court of probate the appellant appealed to the superior
court from the decree accepting the report, and the case was
reserved by the superior court, upon a special finding of the
facts, for the advice of this court.

Upon the argument in this court the counsel for the appel-
lees took the objection that, as the appeal was taken from the
decree of the court accepting the report of the commissioners,
and not from " the doings of the commissioners " as provided
by the statute, the decision of the commissioners could not be
reviewed upon the appeal. This point having been sustained
by the court no further statement of the facts of the case is
necessary.

*Taylor*, for the appellant.

*Treat* and *Brewster*, for the appellees.

CARPENTER, J. In this case the appeal is taken, not from the doings of the commissioners in rejecting the appellant's claim, but from the decree of the court of probate accepting the commissioners' report. The statute (Revision of 1866, p. 440, sec. 145,) provides that "whenever any person shall be aggrieved by the doings of the commissioners in allowing or rejecting a claim upon an insolvent estate, whether of a deceased person or assigned for the benefit of creditors, and the matter in demand shall exceed the sum of seventy dollars, such aggrieved person may, within fifteen days after the report of commissioners is returned into court, appeal to the next superior court, &c." This statute confers no jurisdiction upon the court of probate to determine whether the commissioners did right or wrong in allowing or rejecting any claim presented to them, nor can the court for any such cause reject their report. Hence a decree accepting the report does not affect the validity of such doings, and an appeal from such decree does not open for review the question decided by the commissioners. The obvious intention of the legislature was, that the parties aggrieved by the rejection or allowance of any claim might appeal from the decision of the commissioners in respect to that particular claim, leaving the report in full force as to all other claims.

Whether the appellant's claim should have been rejected or allowed was a question solely for the commissioners, subject to the right of appeal. They have decided that question and from that decision no appeal has been taken. That decision can not be reviewed on an appeal from the decree of the court of probate accepting the report.

The superior court is therefore advised that the appeal be dismissed.

In this opinion the other judges concurred.