<hr/>

WILLIAM COTHREN'S APPEAL FROM COMMISSIONERS.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

An appeal from the doings of commissioners on an insolvent estate is in no sense an appeal from probate.

Such an appeal vacates the judgment of the commissioners, and the trial in the appellate court is *de novo* and has no reference to any errors of the commissioners in the hearing before them.

Where a claim has gone into judgment after the assignment of a debtor, it may be presented in that form, but will be open to inquiry and only the original claim can be allowed.

Where a claim was thus presented and no objection made to it before the commissioners, it was held, on the trial of the case upon appeal, that if that form of presentation was objectionable, all objection had been waived.

Where before the debtor went into insolvency the claim had been in suit and secured by an attachment of property, and had afterwards gone

into judgment for both the debt and costs, it was held that the costs to be allowed as a preferred claim against the estate were only those which had accrued at the time when the attachment was vacated by the assignment.

[Argued October 8th—decided December 15th, 1890.]

APPEAL from the doings of commissioners on the assigned estate of William W. Olmsted, an insolvent debtor, in disallowing a portion of a claim presented by the appellant against the estate; taken to the Superior Court in Litchfield County. The court made the following finding of the facts:

On and prior to the 7th day of September, 1889, Wm. W. Olmsted was indebted to the appellant by book in the sum of $1,000. On the said 7th of September, being insolvent, he made a voluntary assignment to a trustee of all his estate for the benefit of his creditors. The trustee was confirmed by the court of probate for the district of Woodbury and duly qualified on the 16th day of September, 1889.

At the time the assignment was made an action was pending in the Court of Common Pleas for the county of Litchfield in favor of the appellant and against said Olmsted to recover the aforesaid debt, and on the first day of November, 1889, judgment was duly rendered by the court in favor of the appellant for $1,000 damages, and costs of suit.

This judgment was subsequently, during the limitation for the exhibition of claims against Olmsted's estate, duly presented to the commissioners thereon, who allowed the costs in the action, and $642.51 of the judgment, and disallowed $357.49, being the remainder of the judgment debt, from which judgment of disallowance by the commissioners the appellant appealed to the Superior Court.

Upon these facts the case was reserved for the advice of this court.

*W. Cothren*, for the appellant.

*J. Huntington* and *A. D. Warner*, for the appellee.

SEYMOUR· J.  This is an appeal to the Superior Court from the disallowance, by the commissioners on the insolvent estate of William W. Olmsted, of a portion of a claim of the appellant, presented against the estate.

The case has apparently been treated by the court below, and certainly by the counsel in their briefs, as if the question reserved was, whether a judgment rendered against an insolvent debtor, after his assignment in insolvency and the appointment of a trustee on his estate, upon a suit commenced prior to such insolvency proceedings, can be presented to the commissioners in that form, and when so presented is conclusive of the amount due; or whether the commissioners can inquire into the original claim, and allow or disallow the whole or a portion thereof as if no judgment had been rendered.

Upon that question we can entertain no doubt as to the correct answer.  It was early decided in this state, where a party recovered judgment against another after the granting of his petition in insolvency, but upon an indebtedness contracted before the date of his petition therefor, that the original debt by contract was extinguished by the judgment; and, as the judgment debt accrued after the date of the petition, it was not within the jurisdiction of the trustees of the insolvent and could not be allowed by them.  *Boardman* v. *DeForest*, 5 Conn. R., 1.   The same rule was held in Massachusetts.  *Sampson* v. *Clark*, 2 Cush. R., 173.   And such was the general rule at common law.  In 1855 the statute was passed providing that no claim against an insolvent estate shall be deemed to be discharged by having been merged in any higher evidence of debt after the commencement of the settlement of such estate.  Gen. Statutes, § 587.

Under this statute the original debt is not so merged or discharged but that if presented, either in its original form or in the form of a judgment, the commissioners may and should, in the interest of other creditors, investigate it.   As a judgment against the debtor they cannot impeach or impair its effect upon him, but, so far as the property of the debtor is concerned now in the hands of the law for the

benefit of his creditors, the commissioners can enquire into the particulars of the original claim, and allow or disallow it in whole or in part as justice and equity may require.

The finding does not state that the question we have been considering was before the Superior Court for decision, nor that the judgment was there offered in evidence. It would seem from a careful examination of the finding that the question tried before the Superior Court was whether the commissioners were justified in their action, it not appearing that objection was made to their treating the judgment as liable to be reduced in amount upon proper proof of the real amount due, like any other claim before them. In other words, we are not asked to advise the Superior Court what judgment to render upon a given state of facts before it, but rather whether we would advise that the course of the commissioners should be approved upon appeal.

An appeal of this sort is not in any sense an appeal from probate. The commissioners on an insolvent estate are a legal tribunal, with certain limited equitable powers, and, on an appeal from their doings the judgment below is vacated and the trial in the Superior Court is entirely independent of any action of the commissioners. It is wholly a trial *de novo*. The Superior Court has nothing to do with any errors of law on the part of the commissioners. It is of no consequence what evidence was received or rejected by them. The question with the court is solely what evidence it shall itself receive or reject. The result in the Superior Court must always be a judgment for the appellant or for the estate, and, if for the appellant, in some definite sum found due.

In this case the Superior Court made a finding of the facts, and submits to this court the question what judgment shall be rendered on those facts. But the finding does not show what exact sum, if any, was due to the appellant. Presumably something was due, as the commissioners allowed him $642.51, and rejected the balance of his claim presented, $357.49, the appeal being taken for the disallowance of this sum.

The finding states that William W. Olmsted, on and prior to September 7, 1889, (the time of the assignment in insolvency,) was indebted to the appellant in the sum of $1,000. It is not found that any part of this sum has been paid, and inferentially it would appear that that sum is now due from the estate to the appellant, but the finding is not direct to this effect, and neither of the parties has given it this meaning.

Nothing further appears, except that the appellant afterwards, and after Olmsted had gone into insolvency, obtained a judgment for this debt in a suit pending upon it at the time of Olmsted's assignment, and presented this judgment to the commissioners. As already suggested, it does not appear that it was now offered in evidence before the Superior Court on its hearing of the case, nor, if so offered, that any objection was made to its admission by the appellee. It can therefore upon such a construction of the finding have no bearing upon the case reserved for advice, as no question can arise upon it in relation to the case before the Superior Court.

The finding may however present the question whether the presentation of the judgment was a legal presentation of the claim as it existed at the time of the assignment. It is not found that the claim was presented only in that form, but it may perhaps be fairly inferred that that was the fact. Supposing then that the claim was presented only as a judgment, was it legally presented?

It has been repeatedly held by this court that the form of the presentation of claims against the estates of both deceased persons and insolvents is not a matter of importance, so long as the existence of the claim is shown and its character may be reasonably understood; and it would seem reasonable to hold that a pecuniary claim, merged after the death or insolvency into, and evidenced by, a judgment, may be presented in that form, the original claim being open to inquiry and easily ascertained.

But it nowhere appears that objection was taken before the commissioners to the presentation of the claim in this

form.  It is true that a question was made before the commissioners whether the judgment by itself was sufficient evidence of the claim, but we have nothing to do with any question of evidence received or rejected by the commissioners.  The claim having been considered by them, and no objection made on the part of the trustee to its being considered, we must regard all objection to the form of its presentation as waived.

This being the only question that can arise on the finding of facts, we might treat it as a finding that the sum of $1,000 is due the appellant from the estate.  This is the only reasonable meaning that can be given it.  But, as before suggested, this cannot have been the idea of the judge in making the finding, nor is it so understood by either of the parties. Indeed the principal question discussed in the briefs of counsel, upon which without oral argument the case was submitted, is whether the commissioners committed an error in not receiving the judgment as conclusive evidence of the appellant's claim—a question of not the slightest importance for the reasons above stated.  There seems no other way of getting at the merits of the case but to remand it to the Superior Court, for it to find the issue definitely, one way or the other, and, if in favor of the appellant, for a definite sum.  If it should be desired to reserve the question of law whether the judgment is conclusive of the amount due, it should be found what sum is due upon that theory, and how much in case the amount due may be inquired into by the Superior Court notwithstanding the judgment; and then this court can decide which theory is right and advise judgment accordingly.  In view however of the suggestions herein made it is not probable that any thing will be necessary but for the Superior Court to decide what sum is actually due from the estate, not regarding the judgment as conclusive upon that question.

As to the question of costs.  The appellant being by the statute entitled to an allowance of his costs as a preferred claim, it is clear that the costs can only be taxed which had

accrued at the time when his attachment became vacated by the assignment in insolvency.

*Wm. W. Scutt's Appeal from Commissioners*, which was argued before us at the same time and involves the same questions, is also remanded for the same purpose and for the same reasons.

In this opinion the other judges concurred.