THOMAS DONAHUE'S APPEAL FROM COMMISSIONERS.

New Haven & Fairfield Cos., Oct. T., 1892. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and F. B. HALL, Js.

It is provided by Gen. Statutes, § 1029, that on appeals from the doings of commissioners on insolvent estates, the claimant shall, in the Superior Court, "have liberty to amend any defect, mistake or informality in the statement of the claim, not changing the ground of action." *D* presented a claim to the commissioners on the estate of *C*, deceased, for seven thousand dollars damages for the breach of a parol agreement of *C* to convey to him certain real estate of that value, in consideration of his promise to render *C* whatever legal service he might

require during the remainder of his life, which service he had rendered. The commissioners disallowed the claim and *D* appealed to the Superior Court, and in that court filed an amended statement alleging that *C* had made a parol promise to convey the real estate to him in consideration of his promise to render *C* whatever legal service he required during the remainder of his life; that he had rendered such service until *C's* death, a period of nine years; that *C* had not conveyed the real estate to him; and that "he reasonably deserved to have for his services the sum of seven thousand dollars." Held that the amendment "changed the ground of action," and ought not to be allowed.

The claim as originally filed was simply for damages for a refusal to perform a parol agreement to convey real estate. As such the statute of frauds would have prevented its enforcement. The amended claim was for what *D's* services were reasonably worth, and stood on no common ground with the original claim.

[Argued October 26th—decided November 21st, 1892.]

APPEAL from the doings of commissioners on the estate of Patrick Coyle, deceased; taken to the Superior Court in New Haven County. A claim presented by the appellant was disallowed by the commissioners, and the court (*J. M. Hall, J.,*) made a finding of the facts and rendered judgment for the appellee. Appeal by the original appellant.

*J. O'Neill*, for the appellant.

*J. W. Alling* and *E. F. Cole*, for the appellee.

FENN, J. The appellant, upon his appeal to the Superior Court from the doings of the commissioners upon the estate of Patrick Coyle, deceased, filed in that court the following claim against said estate, being, as conceded, the same claim presented to the commissioners and disallowed by them.

"Estate of Patrick Coyle, to Thomas Donahue, Dr.

"In 1882 Patrick Coyle verbally promised Thomas Donahue that he would convey to him the house and lot where the said Thomas Donahue resides, in consideration for the promise on the part of said Thomas Donahue that he would do and perform such legal business as the said Patrick Coyle should require the said Donahue to do and perform, during the remainder of the life of said Patrick Coyle. The said

house and land were then of the value of about seven thousand dollars. The said Donahue, ever since said promise was made, did and performed such legal services as were required of him by the said Coyle. The said Coyle neglected and refused to convey to the said Donahue, the said house and land, though requested so to do, and particularly about September 30th, 1885. The said Donahue claims seven thousand dollars damages from the estate of said Coyle for the breach of the above mentioned agreement."

To this statement of claim the administrator demurred, assigning, among other grounds, the statute of frauds and the statute of limitations. The demurrer was sustained, and thereupon the appellant filed the following statement of his claim.

"Amended statement of the plaintiff's claim.

"In 1882 Patrick Coyle promised Thomas Donahue that he would convey to him, Donahue, the place where he, Donahue, resided; and the said Donahue promised, in consideration thereof, that he would act as attorney and counsellor for the said Coyle, and do and perform all the legal services required of him by the said Coyle during the remainder of the said Coyle's life. In pursuance of said agreement, which was wholly by parol, the said Donahue worked and labored and counseled and advised with the said Coyle, as an attorney and counsellor-at-law, and did and performed all of the legal services required of him by the said Coyle during the remainder of the said Coyle's life, and for a period of about nine years, and he reasonably deserved to have for his services and labor, and for his counsel and advice aforesaid, the sum of $7,000."

This was also demurred to on the ground that the record disclosed that no such claim was ever presented to or considered by the commissioners, and that therefore the claimant could not have been aggrieved by their doings. This demurrer was also sustained, and the appeal presents for our consideration two assignments of error; that is to say, the decision of the court upon each of said demurrers.

The first requires merely a statement. The claim as orig-

inally filed was simply and only one for damages for refusal to perform an oral agreement for the sale of real estate. No authority except the language of the statute of frauds itself (now General Statutes, § 1366,) is necessary to show that such a claim cannot be enforced. No civil action can be maintained upon such an agreement. It is unnecessary to consider the applicability of the statute of limitations also.

The second assignment requires a more extended examination. It should be noted at the outset that the record does not show that any action of the Superior Court was asked for, either to allow the amended statement or to erase it. The demurrer was substantially because such amendment changed the ground of action. And it is said in the brief of the appellee that "this demurrer was in substance an objection to the allowance of the amendment, and was so regarded by the parties and the court." Since the argument of the appellant was in virtual affirmance of this statement, we have concluded to consider the real question presented, without other reference to the form of presentation except to say that it appears to us an inapt and incorrect way, and one which after this suggestion we shall not be likely to overlook so readily again.

Gen. Statutes, § 1029, provides that in hearings before the Superior Court on appeal from the doings of commissioners, "the claimant shall have liberty to amend any defect, mistake, or informality in the statement of the claim, *not changing the ground of action.*" Was the amendment made a change of the ground of action?

The purpose of our various statutes of amendment, as has been often held by this court, is a beneficial one, and as such they have "continually been more and more liberally expounded." *Buckley* v. *Andrews*, 39 Conn., 535. The term "ground of action" has been frequently defined by this court, and it has been held that it refers to what was the real object of the claimant in making his claim. *Nash* v. *Adams*, 24 Conn., 39. It was even stated by Judge LOOMIS in an opinion given in the Superior Court, case of *Johnson* v. *Sikes*, 56 Conn., 594, that the language "a cause

of action arising from the same transaction," is but little more than the expression in another form of the same idea which is intended and conveyed by this term, "ground of action." Nor is there any reason why such term, as used in the section of the statutes under consideration, should have any different, certainly any more restricted, meaning than has been given to it where elsewhere used and construed by this court. For it was said by this court in *Tolles's Appeal from Commissioners*, 54 Conn., 521, that upon the presentation of claims to commissioners on insolvent estates, "it is only necessary that the claim should be so stated that it can be understood;" and again in *Cothren's Appeal from Commissioners*, 59 Conn., 549, "that the existence of the claim is shown and its character may be reasonably understood." But applying these liberal principles in favor of the claimant, we are still constrained to say that in our opinion the amendment made does change the ground of action. For the claim as originally stated in the Superior Court, which the claimant in his appeal asserts to be the form in which it was presented to the commissioners, was purely and solely a claim to recover damages resulting from the breach of an agreement to convey a certain house and lot, the consideration for the agreement being, as averred, not services rendered, but a promise to perform services if required—a contract on the part of Coyle to do a certain thing absolutely, in consideration of a promise on the part of the claimant to do a certain other thing conditionally, the actual performance of which could have no other relevancy except to show, if it became necessary to show, that the claimant himself was not guilty of the first breach by neglect or refusal to perform his promise, such performance having been required. It was a contract which would have been as completely executed on the part of the claimant, had either he or Coyle died within an hour after it was made, or both having lived for years, no request had been made by Coyle upon the claimant for any services, as if services to the full amount in value of seven thousand dollars had been rendered; a contract executed, indeed, on the part of Donahue,

the moment the promise was made, and in no wise requiring, as precedent to his right to demand a conveyance, the performance of the stipulated service during the lifetime of Coyle; treated as such a contract by Donahue, who, in his original claim, expressly states the neglect and refusal of Coyle to convey upon request as a breach; a contract, as stated, therefore differing in its most vital particular from the one stated in *Starkey's Appeal from Commissioners*, 61 Conn., 199, which was, as this court then said, founded on personal services, the performance of which during the life of the decedent was the consideration. Hence it is manifest that in the case before us, under the claim as originally filed, evidence upon either side concerning the value of services actually rendered could not be relevantly introduced. And not only is there no statement in the claim concerning such value, but it is not even stated that any were rendered, and the only demand is for damages equal to the alleged value of the house and land for breach of the recited agreement. Hence there is not, as it seems to us, anything in the claim presented from which the existence of a demand for compensation *quantum meruit*, for services actually rendered, could be inferred. If "the real object of the claimant in making his claim," was to recover such compensation, it ought, we think, to be conceded that he was at some pains to conceal such object. Nor do we think a claim for such compensation can be held to be "a cause of action arising from the same transaction" as that originally stated. That transaction was the alleged verbal promise of Coyle, made in 1882, while the claim for work and labor for which the claimant seeks to recover under his amended statement, though therein stated to have been done in pursuance of said agreement, can in fact derive no vitality therefrom, for it can in no form be enforced or any action based thereon be maintained. The amendment is therefore simply a claim for such services as may have been rendered from time to time upon the implied promise of Coyle to pay therefor (as the claimant says) what he "reasonably deserved to have." Contrasting, therefore, the two claims, it will be seen that no

common ground exists. The essentials of one are the non-
essentials of the other, and conversely. It is essential to
the original contract that a promise to convey land, in con-
sideration of a promise to labor upon request, should be
proved. It is not essential to show that any labor was in
fact performed. It. is essential for the enforcement of the
amended claim to prove that work and labor was performed,
and not essential that any such promise as that stated in
the original claim, on the part either of Coyle or the claim-
ant, should be shown.

There is no error in the judgment complained of.

In this opinion the other judges concurred.

NOTE.—The practice with regard to appeals from commissioners on in-
solvent estates is becoming so loose and irregular that the reporter con-
siders it a service to the profession to call attention to some of the more
common irregularities. It happens that these are exhibited in a noticeable
way in the record of the foregoing case, not however involving the action
of the judge who rendered judgment in it in the Superior Court.

The case in the first place is filed "Donahue's Appeal from Probate,"
and so stands on the docket. An appeal from commissioners is not an ap-
peal from probate. The commissioners are a legal tribunal, as much as
the Superior Court is, and have no probate powers whatever.

The appeal is properly taken from the disallowance of the appellant's
claim by the commissioners, but an appeal is also taken "from the order
of said court in accepting their report." This appeal is necessarily a sep-
arate one, and has nothing whatever to do with the action of the commis-
sioners in disallowing the appellant's claim. This appeal would properly
be an "appeal from probate," but no further notice is taken of it in the
later proceedings. In Bennett's Appeal from Probate, 33 Conn., 214, a
claimant, whose claim had been disallowed by the commissioners on an in-
solvent estate, took an appeal, not from the doings of the commissioners,
but from the probate decree accepting the commissioners' report, and the
Supreme Court held that it did not bring up the claim disallowed, which
could be brought up only by an appeal from "the doings of the commis-
sioners."

The record of the judgment of the Superior Court in the present case,
which undoubtedly follows precedents, contains the following statements—

1. "Said case came to the 24th day of February, 1892, when the parties
appeared and the appellant filed his reasons of appeal."

There are no reasons of appeal to be filed in an appeal from commis-
sioners. The appeal brings up the case and the appellate court sits upon
it precisely as the Court of Common Pleas sits on an appeal from the judg-
ment of a justice of the peace. The judgment below is vacated in both

cases, and the appeal is a proceeding to carry the case to the higher tribunal, and it is as much and as wholly in that court as if brought there originally by ordinary process. The Superior Court sits, on an appeal from commissioners, precisely as the commissioners sat. The question is not at all what the commissioners did with the case; there is no review of their action; no revision of their errors; the question is only what the court shall now do; and if the case is finally carried to the Supreme Court, that court reviews only the errors of the Superior Court and takes no notice of any errors of the commissioners. The claimant is required by a recent rule of court, (58 Conn., 588,) to make in the appellate court a statement of his claim, like a complaint in an action at law upon it, but this is only like an amendment of a complaint in court, and is in no sense a reason of appeal.

2. In this case the appellee demurred to the original statement of the claim as brought up by the appeal, the action of the court upon which is stated as follows: "The court * * * sustained said demurrer, *and found said reasons of appeal insufficient.*" What the court really decided was, that the appellant's statement of his claim was insufficient. It had nothing to do with any reasons of appeal. The appellant amended the statement and the court on demurrer to it held it insufficient. The record of this action of the court is of the same tenor as the former—that the court "*found said amended reasons of appeal insufficient.*"

3. The final judgment of the court, which was undoubtedly a mere rejection of the claim, or judgment for the appellee, goes upon the record thus:—"Whereupon it is adjudged and decreed *that the report and doings of said commissioners be confirmed,* and said claim of the appellant be disallowed, and *that said appeal be dismissed.*" But the court had nothing to do with the report of the commissioners; it was not before it for confirmation or reversal, nor for revision in any way. All that is of any validity in the record is the statement that the court adjudged "that said claim of the appellant be disallowed." And the order of the court, if such a one was really made and not merely taken for granted by the clerk in pursuance of precedents, that "the appeal should be dismissed," was not a proper one, since the case was regularly in the court, as much so as if it had been an original suit brought there by ordinary process. There would be the same reason for dismissing any action on which the court rendered judgment for the defendant. Indeed the term "dismiss" is properly applicable only to proceedings in equity.

The matter of appeals from commissioners was recently considered by this court in the case of *Cothren's Appeal,* 59 Conn., 545. In that case an appeal was taken by a claimant from the disallowance by the commissioners of a portion of his claim against the estate of a deceased insolvent, and the main question discussed in the briefs of counsel on both sides was whether the commissioners had committed an error in their ruling upon evidence in support of the claim. SEYMOUR, J., giving the opinion of the court, says (p. 548:) "It would seem from the finding that the question tried before the Superior Court was whether the commissioners were justified in their action. * * * In other words, we are not asked to advise the Superior Court what judgment to render upon a given state of facts before

it, but rather whether we would advise that the course of the commissioners should be approved upon appeal. An appeal of this sort is not in any sense an appeal from probate. The commissioners on an insolvent estate are a legal tribunal, with certain limited equitable powers, and on an appeal from their doings the judgment below is vacated, and the trial in the Superior Court is entirely independent of any action of the commissioners. It is wholly a trial *de novo.* The Superior Court has nothing to do with any errors of law on the part of the commissioners. It is of no consequence what evidence was received or rejected by them. The question with the court is solely what evidence it shall itself receive or reject." *R.*