ALBERT W. MATTOON, ADMINISTRATOR, APPEAL FROM
THE DOINGS OF COMMISSIONERS.

Third Judicial District, Bridgeport, April Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under our statute, § 409, and the long-continued practice in such
cases, an executor or other representative who desires to review
the doings of commissioners in allowing claims to two or more
alleged creditors, must take a separate appeal in the case of each
claimant. If a single appeal is taken in such case, it will be dis-
missed upon plea in abatement filed by the respective appellees.

Argued April 10th—decided May 15th, 1906.

APPEAL from the doings of commissioners upon the
estate of Robert T. Merwin of New Haven, deceased, in
allowing claims to eleven different claimants and in fail-
ing to find the cash value of securities held for two other
claims, taken by the administrator on said estate to the
Superior Court in New Haven County where the respec-
tive claimants filed pleas in abatement upon the ground
that a separate appeal should have been taken from the
allowance of each of the controverted claims ; the court,
*Case, J.*, sustained the pleas in abatement and dismissed
the cause, from which the administrator appealed. *No
error.*

*George E. Hall*, for the appellant (the administrator).

*Frederick W. Holden*, for the appellees (claimants).

TORRANCE, C. J. The commissioners upon the estate
of the decedent allowed some eighty or more claims against
the estate in favor of creditors holding such claims in sev-
eralty. From the doings of the commissioners in allow-
ing eleven of these claims, and in failing to find the cash
value of the securities held for two other allowed claims,

the administrator took one single appeal to the Superior Court, in which he joined as appellees the owners of said eleven claims and the holders of the securities aforesaid.

In the Superior Court the appellees severally filed pleas in abatement of the appeal, alleging therein, in substance, as the ground of abatement, that the appeal was a single one from thirteen separate and several decisions of the commissioners; and that while a separate appeal from each decision would lie, a single one from all would not.

The court took this view of the matter and dismissed the appeal, and whether it erred in doing so is the principal question in the case.

As the answer to this question depends upon the construction of our statutes relating to appeals of this kind, it may be well to take a brief survey of our legislation upon this subject; for the "history and progress of laws furnish a legitimate and most useful clew to their construction." *Quinebaug Bank* v. *Tarbox*, 20 Conn. 510, 518. For nearly two hundred years our law has provided for the trial of claims against the insolvent estates of deceased persons, through commissioners appointed by the Court of Probate; yet until the year 1807 there appears to have been no statutory way, by appeal or otherwise, of directly reviewing their doings. Executors and administrators, however, were allowed, " notwithstanding the report of any such commissioners, or allowances thereof made by the court of probate, . . . to contest the proof of any debt at common law." Rev. 1808, pp. 275, 276. In October, 1807, a law was passed which provided as follows: " Whenever any person shall be aggrieved by the doings of commissioners in allowing or rejecting a claim or demand upon an insolvent estate, and the matter in demand shall exceed the value of seventy dollars, such aggrieved person may," after the report of the commissioners is returned to court, " file his or her motion, praying a review of such claim or demand; and thereupon the judge of probate and two justices of the peace . . . shall as speedily as may be, hear the parties, and according to the justice

of the case render judgment to establish, reject, or correct such report, so far as regards such claim, and the judge of probate shall conform himself to such judgment in proceeding upon such estate; from which judgment, and the acceptance of the report of the commissioners there shall be no appeal." The law contained this further provision: " And no executor or administrator, on such insolvent estate, shall in any other manner than as is herein provided, contest the proof or validity of any claim or demand, allowed or established as aforesaid, any law or usage to the contrary notwithstanding." Rev. 1808, p. 277, § 2. This statute, substantially unchanged, appears as the law of the State in the Revision of 1821 and in the Compilation of 1835. Rev. 1821, p. 210, § 41; Comp. 1835, p. 208, § 41.

In 1838, for the first time, the right of appeal was given to parties aggrieved by the doings of commissioners in allowing or rejecting a claim, if the matter in demand exceeded $70; while the old remedy by way of review remained for cases where the matter in demand exceeded $30 but did not exceed $70. The material part of the law, as thus changed, relating to appeals from the doings of commissioners, as it appears in the Revision of 1849, provides as follows : " Whenever any person shall be aggrieved by the doings of commissioners in allowing or rejecting a claim upon an insolvent estate, . . . and the matter in demand shall exceed the sum of seventy dollars, such aggrieved person may . . . appeal to the next superior court," upon giving the bond required by statute. Rev. 1849, p. 368, § 87. This statute, substantially unchanged, was embodied in the Revision of 1866. Rev. 1866, p. 440, § 145. In the Revision of 1875 the old remedy by review is given from "the doings of the commissioners, in allowing or rejecting a claim," when the matter in demand is not less than $50, nor more than $100 in value; while an appeal is allowed from " the doings of the commissioners " without any qualifying words, when the matter in demand exceeds $100. Rev. 1875, p. 390, §§ 14 and 15. These

two sections were in effect repealed and superseded by the Act of 1885, which provides as follows : " When any person shall be aggrieved by the doings of commissioners on any insolvent estate, and the matter in demand shall exceed fifty dollars, he may, within one month after the report of the commissioners is accepted, appeal to the Superior Court " specified in the statute, upon giving bond as required by law. Public Acts of 1885, p. 475, Chap. 110, § 19. This statute, without change, appears as § 643 of the Revision of 1888, and as § 409 of the Revision of 1902, and is the law applicable in the present case.

From this survey of our law relating to the method of reviewing, or appealing from, the doings of commissioners, it appears that in proceedings to review their doings, the party asking for such review must be one aggrieved by the allowance or rejection of " a claim or demand " exceeding a specified value ; that he must in his motion pray for a review " of such claim or demand " ; and the board of review is " to establish, reject, or correct such report so far as regards such claim." We think it clear, from this language, that the party aggrieved could not bring before the board of review, in one motion, the action of the commissioners in allowing or rejecting the claims of two or more creditors in severalty ; and so far as we are aware the practice under the statute was always in accordance with this construction. We also think that under the statute relating to appeals, the party aggrieved cannot bring before the appellate court, in and by a single appeal, the action of the commissioners in dealing with the independent claims of two or more creditors in severalty. Prior to the Revision of 1875 the right of appeal was given only to one " aggrieved by the doings of commissioners in allowing or rejecting a claim," while in that Revision and ever since it was and is given to one " aggrieved by the doings of the commissioners " without the qualifying words " in allowing or rejecting a claim." It is now claimed that, in omitting these words, the legislature intended to give the party aggrieved the right to contest in one single appeal the

claims of any number of creditors in severalty; but we think this is not so. The reason for the omission is stated in *Nowell's Appeal*, 51 Conn. 107. It was done simply to enlarge the meaning of the words "doings of the commissioners," so as to include not only their conduct in allowing or disallowing a claim, but also their conduct in valuing or failing to value the security held for a claim; and we think this was the only purpose the legislature had in view in omitting the words in question.

We are of opinion that, neither under the statute of appeals prior to 1875 nor under the present one, was or is it permissible to contest, in one appeal, the claims of two or more creditors in severalty; and so far as we are aware the practice under the statute has been uniformly in accordance with this construction. No appeal like the one here in question appears to have ever been taken or allowed, so far as we know, since the enactment of the statute nearly seventy years ago; and that this case is a case of first impression is a significant fact in favor of the construction here put upon the statute. It shows a practical construction put upon the law, which is to be regarded "as high evidence of what the law is." *Brown* v. *Congdon*, 50 Conn. 302, 309; *Huntington* v. *Birch*, 12 id. 142, 149.

We also think that the statutes and decisions relating to the treatment and disposition of such appeals in the appellate court favor the view here taken of the statute. The appeal is a process to bring the matter appealed from to the appellate court, where it is tried *de novo*, without reference to the doings of the commissioners. *Cothren's Appeal*, 59 Conn. 545, 22 Atl. 297; *Tolles' Appeal*, 54 Conn. 521, 9 Atl. 402; *Donahue's Appeal*, 62 Conn. 370, 376 note, 26 Atl. 399. Either party to the appeal can have the claim tried to the jury; and each appellant or appellee may be severally affected by the statutes relating to costs, and the giving of bonds in such cases; and so far as we know, each claim in severalty brought to the appellate court is there treated and disposed of by itself as a separate case. In short, all the statutory provisions, and the practice under

Rudnyai v. Harwinton.

them, seem to favor the construction which we have put upon the statute, to the effect that the claims of creditors in severalty must be appealed from separately.

There is no error.

In this opinion the other judges concurred.