THOMAS G. BENNETT, EXECUTOR ET AL., APPEAL
FROM DOINGS OF COMMISSIONERS.

Third Judicial District, New Haven, January Term, 1907.

BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, JS.

If an appeal is not void but, at most, only irregular, such irregularity can be taken advantage of only by plea in abatement.

In the present case the appellants took a single appeal from the doings of commissioners on an insolvent estate in disallowing their claim and allowing a part of the same identical claim to another claimant. In respect to the latter portion of the appellants' claim it appeared that the insolvent estate owed it to one or the other of the contending claimants, and that each claimant relied upon precisely the same facts. *Held* that under these circumstances the appeal, even if irregular, was not void, and therefore its erasure from the docket, upon the ground that the court had no jurisdiction, was erroneous.

Argued January 17th—decided March 6th, 1907.

APPEAL from the doings of commissioners on the insolvent estate of Robert T. Merwin, deceased, taken to the Superior Court in New Haven County, where, on motion

of the appellee, it was erased from the docket by *Thayer, J. Error and cause remanded.*

*John W. Bristol* and *Samuel H. Fisher*, for the appellants (claimants).

*George E. Hall*, for the appellee (estate of Robert T. Merwin).

BALDWIN, C. J.　The appellants, as the executors of the will of Jane E. Winchester, presented a claim to the commissioners on the estate of Robert T. Merwin for $9,400, which they disallowed.　The administrator of the estate of John McKeon presented to them a claim for $2,400, which they allowed.　From the doings of the commissioners in thus disposing of these two claims, this single appeal was taken to the Superior Court, and the reasons of appeal there filed present this case: Robert T. Merwin received $7,000 from Theresa Cunningham to apply on a note which had been signed by her in favor of Jane E. Winchester, and never accounted for it.　Mrs. Winchester also held a note executed by John McKeon, and on that he paid $2,400 to Merwin to apply on the principal of the obligation, for which Merwin never accounted.　The claim of the appellants, which was for $9,400, was made up of these two items.　The administrator of McKeon, on account of the payments so made by his intestate, presented a claim for $2,400 to the commissioners, who allowed it.

The appeal was erased from the docket by the Superior Court on the ground that it was absolutely void.

In *Mattoon's Appeal*, 79 Conn. 86, 89, 63 Atl. 784, an appeal from the doings of commissioners was held to be abatable because taken by the administrator of the estate from their action " in dealing with the independent claims of two or more creditors in severalty."　In the case at bar, the appeal seeks to bring up for review the action of commissioners in disallowing a single claim presented by a single party, and in allowing a claim in favor of another

party, for a sum of money for which Merwin was accountable either to the latter or to the appellants, and an accounting for which to either would enure to the benefit of the appellants, in behalf of whom Merwin had assumed to receive it.

It is clear that Merwin's estate should not be held liable in the Court of Probate for this $2,400, both to the Mc-Keon estate and the Winchester estate. It owes a single duty—that of accounting to the proper party. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 93, 43 Atl. 555. It is clear also that each of the latter estates is interested in the question whether a claim for it should be allowed in favor of the one or the other. Both claims were based on the same identical payments. The same facts must be decisive as to the party to whom Merwin was accountable for the money. See *Union Trust Co.* v. *McKeon*, 76 Conn. 508, 513, 57 Atl. 109.

Under these circumstances, the appeal, even if irregular (as to which we intimate no opinion), was not void. The Superior Court unquestionably had jurisdiction over the parties and the subject-matter. It was not deprived of jurisdiction over the cause by the mere fact that the appellants, in order that final justice might be done between all parties interested in the allowance or disallowance of the item for the payment of $2,400 forming part of their claim as presented, combined in a single paper an appeal from the allowance of the sum in favor of the McKeon estate, with an appeal from its disallowance as to them. This could be, at most, nothing more than ground for a plea in abatement. "It pertained merely to the process of bringing an appealable cause to the right court." *Orcutt's Appeal*, 61 Conn. 378, 386, 24 Atl. 276.

The motion to erase should therefore have been denied.

There is error, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.