EDWARD M. KENNEY, CONSERVATOR (ESTATE OF ALMA RICHTER) *vs.* WALDO S. BLAKESLEE, EXECUTOR (ESTATE OF AUGUST A. RICHTER).

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued November 4th—decided December 1st, 1936.

*Franklin Coeller,* for the appellant (plaintiff).

*Carl F. Bollmann,* for the appellee (defendant).

MALTBIE, C. J.   The estate of August A. Richter, deceased, of North Haven, having been represented insolvent, the Court of Probate appointed commissioners to receive and decide upon the claims of creditors.

The commissioners made a report in which they allowed thirty claims, making no mention of any security held by any creditor. The plaintiff, representing that he was the conservator of the widow of the deceased, appealed to the Superior Court, stating that he was aggrieved "by the doings of said commissioners in allowing certain claims, and in failing to report to this court the cash value of the security of any creditor having security for his presented claim," and, further, that he was aggrieved by the acceptance of the report by the court. The executor under the will of August A. Richter filed a plea in abatement upon various grounds, one ground of which was that the plaintiff was attempting to join in a single appeal the doings of the commissioners with reference to separate and distinct claims presented to them. Various proceedings were thereafter had with reference to this plea; a demurrer attacking a number of the grounds stated in the plea was in part overruled; thereafter the parties stipulated as to certain facts; and the plea was ultimately sustained and the appeal dismissed. The plaintiff appealed. The memorandum of the court in overruling the demurrer states that in the course of the argument the parties agreed to consider the appeal as one from the doings of the commissioners only and appellant's brief before this court takes the same position. The determinative issue is whether or not the plaintiff was entitled in a single appeal to bring before the trial court the doings of the commissioners in allowing several claims and in failing to report the cash value of the security held by any creditor.

In *Mattoon's Appeal*, 79 Conn. 86, 63 Atl. 784, we had before us the identical question now presented. There the administrator upon the estate took a single appeal from the doings of commissioners in allowing eleven claims and in failing to find the cash value

of the securities held for two other allowed claims. The statute then in force was in the same terms as the one now in effect. General Statutes, Rev. 1902, § 409; General Statutes, § 4993. We sustained a plea in abatement to the appeal, holding that the allowance of claims of creditors in severalty must be appealed from separately. It is true that in *Bennett's Appeal*, 79 Conn. 578, 65 Atl. 946, where creditors took a single appeal from the doings of commissioners in disallowing their claim and allowing a part of the identical claim to another, we pointed out that the estate would not be liable to both creditors on account of the one demand, that each creditor was therefore interested in the question whether it should be allowed in favor of one or the other and the same facts would be decisive in determining to whom it should be allowed; we said, refusing to intimate in the opinion as to whether the appeal was irregular, that under these circumstances it was not void, and that the action of the trial court in erasing it from the docket as void was erroneous; and we remanded the cause to be proceeded with according to law. Our decision in *Bennett's Appeal* in no way overrules that made in *Mattoon's Appeal*.

The plaintiff asks us in effect to overrule that decision. We recognize the greater burden and expense which in certain instances may well be imposed upon one who is aggrieved by the doings of commissioners with reference to their action upon a number of claims, growing out of the requirement that a separate appeal must be taken from the action of the commissioners upon each claim. The decision in *Mattoon's Appeal* was definitely placed upon a construction of the statute permitting an appeal from the doings of commissioners considered with reference to its development, a construction with which we cannot now disagree. If a change is to be made in the law as stated

in that case, it must be by legislative action. The decision we then made determines the question now before us and the plea in abatement was properly sustained.

There is no error.

In this opinion the other judges concurred.