ORTENZIA C. PRETE, ADMX., c.t.a.
ESTATE OF ANDREW PRETE
(Appeal from Commissioners)

Superior Court    New Haven County    File No. 63176

MEMORANDUM FILED OCTOBER 19, 1942.

*A. C. Fasano,* of New Haven, for the Plaintiff.

*J. V. O'Brien,* of New Haven, appearing specially for the Defendant.

Memorandum of decision on motion to erase.

MUNGER, J. The record discloses that commissioners were appointed to hear the disputed claim of Joseph T. Anquillare. This claim was allowed in the amount of $361.10. The probate court accepted the report of the commissioners and it was ordered on record on August 21, 1942. Thereafter the plaintiff administratrix moved an appeal from. the doings of the commissioners. An inspection of the record discloses that this was expressed in the following terms: "Wherefore the Subscriber moves an appeal and does hereby appeal from the doings of said commissioners and from their said report in allowing said claim to the Superior Court, etc."

A bond was given in the sum of $140 dated the same day, September 10, 1942, but the obligation of the bond was to prosecute to effect an appeal from the order of the probate court. The bond was as follows: "Appeal from the order of the Probate Court made on the 21st day of August, 1942, allowing the claim of Joseph T. Anquillare."

The record also discloses that the appeal was allowed from the order of the probate court accepting the report of the commissioners.

It clearly appears, therefore, that although the plaintiff did appeal from the doings of the commissioners such appeal was never in fact allowed by the probate court nor was such a bond upon such an appeal ever given. For all that appears the plaintiff might have taken two appeals, one from the doings of the commissioners and one from the order of the court accepting the report. In *Bennett's Appeal from Probate,* 33 Conn. 214, it was held that an appeal taken from the decree of the probate court accepting the report of the com-missioners instead of an appeal from the doings of the com-missioners "can not be reviewed upon an appeal from the decree of the probate court accepting the commissioners' re-port, but only on an appeal taken directly from the doings of the commissioners."

The distinction between these two proceedings is clearly explained in a note in *Donahue's Appeal,* 62 Conn. 370, 376, and this note is mentioned in *Pettee vs. Hartford-Connecticut Trust Co.,* 105 Conn. 595, 609.

It is obvious that the record does not disclose that any bond was given on the appeal from the doings of the commissioners. In *Donahue's Appeal, supra,* there was an appeal taken from a claim presented by the appellant which was disallowed by the commissioners and also from the order of the court accepting their report.

As before stated we have no means of knowing that the bond and the appeal allowed as appears by the present record was not in another appeal. Certainly it does not appear that the bond required was given. A special appearance has been entered and therefore the motion to erase must be granted.