HARRY SILVERSTONE, ADMINISTRATOR (ESTATE OF MARY C. JOYCE) *v.* CHARLES A. LILLIE ET AL., EXECUTORS (ESTATE OF WINCHELL SMITH)

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 92996

Memorandum filed February 16, 1953.

*Harry Silverstone,* of Hartford, for the Plaintiff.

*George Cutler* and *Gross, Hyde & Williams,* both of Hartford, for the Defendants.

CULLINAN, J. 1. Sally G. Genung died September 20, 1929, leaving a will which, on November 5, 1929, was admitted to probate in the Probate Court for the district of Farmington, and Phoenix State Bank and Trust Company was appointed administrator c.t.a. of her estate. On November 5, 1929, six months were limited for creditors to present their claims. On March 14, 1930, written claim on a note for $3000, plus interest from August 28, 1929, was presented to said administrator c.t.a. on behalf of Winchell Smith. On the same day written claim on a note for $75 plus interest from December 28, 1929, was presented

to said administrator c.t.a. on behalf of Winchell Smith.

2. Winchell Smith died June 10, 1933, leaving a will which, on June 14, 1933, was admitted to probate in said Farmington court, and Phoenix State Bank and Trust Company and Charles A. Lillie were appointed and approved as coexecutors under said will and are now acting as such.

3. On May 20, 1947, upon representation to the Probate Court by the administrator c.t.a. that Sally Genung's estate was insolvent, the court appointed commissioners to receive and decide upon the claims of the estate's creditors. The administrator turned over to the commissioners all claims filed with it, including the Winchell Smith claims, having taken no action, in the meantime, either to allow or disallow them.

4. On May 27, 1948, the commissioners filed a report of their doings with the court, which report was accepted. In the report the commissioners allowed the claims of the Winchell Smith estate in the sums of $3000 and $75.

5. On June 18, 1948, Attorney Harry Silverstone, administrator of the estate of Mary C. Joyce, a party interested in the Sally Genung estate, and claiming to be aggrieved by the doings of the commissioners in allowing the claims in favor of the Winchell Smith estate moved two separate appeals from the doings of the commissioners and from their report in allowing said claims. The appeals were brought to the Superior Court for Hartford County on the first Tuesday of September, 1948, and surety was given to prosecute said appeals to effect.

6. Said appeals were entered in court and the coexecutors under the will of Winchell Smith, deceased, appeared and filed statements of claim.

7. On said June 14, 1948, the said Harry Silverstone, administrator of the estate of Mary Joyce, also moved an appeal to the Superior Court from the doings of the commissioners in allowing a claim in favor of William L. Carrigan's estate for $390.

8. Thereafter there were no further proceedings in the Superior Court with respect to any of said appeals until May 4, 1951, when, upon the annual clearance of the docket, the appeals were ordered discontinued. Later and by mutual agreement the appeal from the allowance of the Carrigan estate claim was restored to the docket, a statement of claim was filed, and on June 28, 1951, the Superior Court rendered judgment allowing said claim against the Sally Genung estate.

9. Thereafter Phoenix State Bank and Trust Company, as administrator c.t.a. of the Sally Genung estate, filed in the Farmington Probate Court its administration account in which it made provision for payment on account of said two claims of the Winchell Smith estate previously allowed by the commissioners.

10. A hearing on this account was held in the Farmington Probate Court on December 18, 1951, and at that hearing the appellant herein appeared and objected to its allowance, insofar as it made provision for the payment of said two claims, on the ground that since the appeals to the Superior Court vacated the doings of the commissioners with respect to said two claims, the claims were not in the position of allowed claims.

11. On March 18, 1952, the judge of probate at Farmington stated that although he believed the two claims of the Winchell Smith estate should be allowed, nonetheless he had been advised that the taking of the Superior Court appeals had vacated the original doings of the commissioners.

12. Counsel for the appellees thereupon requested a continuance of the hearing on the final account in order that a motion for the reopening of the commission of commissioners might be filed on behalf of the appellees. This continuance was granted.

13. On or about April 3, 1952, the appellees filed a motion in the Farmington Probate Court for the reopening of the commission of commissioners and thereafter a hearing was held on such motion, at the conclusion of which the Farmington Probate Court entered the decree from which the instant appeal has been taken.

## CONCLUSIONS

1. The record shows that it was nearly nineteen years after November 5, 1929, or on May 27, 1948, that the report of the commissioners was accepted by the Probate Court. It was not until May 20, 1947, that the commissioners were appointed and shortly thereafter received the claims from the administrator c.t.a. Mr. Silverstone, as administrator, on June 18, 1949, filed the two appeals from the allowance by commissioners of the two Winchell Smith claims, and these appeals were returned to the Superior Court for Hartford County on the first Tuesday of September, 1948. Statements of claim were filed by the appellees on September 1, 1948, and October 1, 1948, and thereafter Mr. Silverstone did nothing, although under § 89 of the Practice Book it was his duty to file a pleading. On May 4, 1951, the appeals were discontinued by the Superior Court.

2. The two appeals taken in 1948 from the doings of the commissioners in allowing the two claims of the Winchell Smith estate vacated the doings of the commissioners but did not destroy the claims. The rule that the doings of commissioners are vacated on appeal is contrary to the general rule with respect to appeals to the Superior Court from the doings in

a Probate Court. The general rule is that the decrees of a court of probate remain in effect after an appeal is taken to the Superior Court until a decree is altered by the higher court. The cases are collected and the rule as to the effect of an appeal from the doings of commissioners is stated in a note following *Donahue's Appeal from Commissioners*, 62 Conn. 370, 376, 378. But the taking of appeals merely vacates and does not destroy the claims. 1 Locke & Kohn, Conn. Probate Practice, § 205, p. 422.

3. The claims having been presented in time, and never having been disallowed by the administrator c.t.a., there is no statute of limitations running against them. 2 Locke & Kohn, op. cit., pp. 519, 520, 521.

4. Since the Farmington Probate Court cannot complete settlement of the Genung estate until the claims are disposed of, and since the only procedure for disposing of claims against an insolvent estate is through commissioners appointed by the Probate Court, the only reasonable and logical way to dispose of the two Winchell Smith estate claims is by reopening the commission of commissioners and having them again pass upon the claims. See 2 Locke & Kohn, op. cit., page 592 for the rule that with respect to an insolvent estate presentation to and allowance by commissioners is the exclusive method of establishing a claim.

5. Section 6813 of the General Statutes gives certain general powers to courts of probate. "Courts of probate . . . may make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the several provisions contained in this title."

6. While the jurisdiction of the Court of Probate is statutory, special and limited, nevertheless in the exercise of such statutory jurisdiction the court does

have " 'such incidental and implied powers, legal and equitable, and such only, as are necessary to the entire performance of all the duties imposed upon [it] by law.' " *Hall* v. *Pierson,* 63 Conn. 332, 342. "The test is the necessity, in order to discharge the duty committed in such a way as to best promote the end and policy of the law in delegating the power and jurisdiction to such statutory tribunal." Ibid.

7. At the present time there are two claims outstanding in the Genung estate which are in the position of claims not having been passed upon, and they must be passed upon and disposed of before the estate can be settled. The Court of Probate, in reopening the commission of commissioners, is not trying to revise, alter or modify the duty of commissioners. It is reopening the commission of commissioners in order that the commissioners may pass upon claims which, in effect, have not been passed upon by them.

8. The decree of the Farmington Probate Court in reopening the commission of commissioners was just, legal, and a valid exercise of the inherent power residing in said court. Its action is affirmed.

Accordingly the appeal is dismissed and judgment may enter affirming and sustaining the decree of July 2, 1952.