SHIRLEY A. BROWN *v.* RAYMOND R. CATO

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 2—decided June 14, 1960

*Lewis E. Caplan,* with whom was *John W. Colleran,* for the appellant (defendant).

*Ernest H. Halstedt,* assistant attorney general, with whom were *Richard E. Rapuano* and, on the brief, *Albert L. Coles,* attorney general, for the appellee (plaintiff).

SHEA, J.  The plaintiff attached to her complaint a certificate of the registrar of a hospital in Washington, D. C., stating that the plaintiff was delivered of a child in that hospital on August 9, 1954.  The defendant appeared specially and filed a motion to erase the case from the docket on the ground that the plaintiff had failed to file the certificate of a reputable physician as required by § 3208d of the 1955 Cumulative Supplement (now amended by Public Acts 1959, No. 639, § 3 [General Statutes § 52-435]).  The motion was denied and the case was tried before a jury, which found the defendant guilty.  The court denied the defendant's motion to set aside the verdict.  The defendant has appealed, assigning as his sole reason the refusal of the court to erase the case for want of jurisdiction.

A motion to erase the case from the docket will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 109 A.2d 260; *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568.  A motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144, 90 A.2d 884.  On a motion to erase, the allegations of the complaint should be given the construction most favorable to the plaintiff.  See *Rutt*

v. *Roche,* 138 Conn. 605, 609, 87 A.2d 805; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 A. 224.

The requirement in bastardy proceedings that a physician's certificate be furnished finds its origin in chapter 6 of the Public Acts of 1915 (as amended, Rev. 1918, § 6006), which contained the following provision: "Any woman . . . may complain on oath to a . . . commissioner of the superior court . . . against the person she charges with being the father of [her] child, and such . . . commissioner of the superior court shall thereupon, provided the complainant shall have filed with the complaint the certificate of a reputable physician certifying that after personal examination of the person of the complainant such physician believes that the complainant is pregnant or has been delivered of a child, issue a warrant and cause such person to be brought before some proper authority." This court construed this language to mean that the certificate must be made and filed as a prerequisite to the issuance of a warrant of arrest. *Hellman* v. *Karp,* 93 Conn. 317, 322, 105 A. 678. It also held that it was unnecessary to aver in the complaint that there had been a compliance with the statutory requirement. Id., 323. The statute, it was pointed out, merely required that the certificate be made and filed with the authority who issued the writ and warrant. Ibid. In other words, if the complaint and warrant were silent as to the certificate, it would be assumed that the certificate had been filed.

The statute was amended in 1927 to provide that "[a]ny woman . . . , upon filing with a . . . commissioner of the superior court . . . the certificate of a reputable physician certifying that after personal examination of the person of the complainant such physician believes that the complainant is preg-

nant or has been delivered of a child, may complain on oath to such . . . commissioner of the superior court . . . and such . . . commissioner . . . shall . . . issue a warrant and cause such person to be brought before some proper authority." Public Acts 1927, c. 244; Rev. 1930, § 5867. We can assume that this change in the law was made to accomplish some purpose. *Kelly* v. *Dewey,* 111 Conn. 281, 291, 149 A. 840. The difference between the language of the 1927 act and that of the 1915 act clearly indicates an intention on the part of the legislature to overcome the construction put on the earlier statute in *Hellman* v. *Karp,* supra. See *Stamford* v. *Stamford,* 107 Conn. 596, 606, 141 A. 891. The elimination of the word "provided" and the removal of the remainder of the clause relating to the physician's certificate to a place preceding the directive as to the making of the complaint shows unmistakably that the legislature intended to relax the requirement concerning the certificate so that it would no longer constitute an absolute prerequisite to official action by a commissioner of the Superior Court. Further evidence of this intention will be found in Public Acts 1959, No. 639, § 3, amending § 52-435 of the General Statutes, where it is expressly declared that "[n]o action or proceeding [in bastardy] shall abate because of any failure of the physician's certificate to comply with the" law. While this 1959 amendment did not become effective before the trial of the present case, it nevertheless throws light on the legislative intention concerning the former law. *Hartford* v. *Suffield,* 137 Conn. 341, 346, 77 A.2d 760; see *General Realty Improvement Co.* v. *New Haven,* 133 Conn. 238, 242, 50 A.2d 59; *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 326, 130 A.2d 801.

With the exception of certain changes not now material to our consideration, the law as amended by the 1927 act was in effect at the time of the institution of this action. The certificate is not a part of the complaint or process, and it is unnecessary for the complainant to allege that it has been filed. *Hellman* v. *Karp,* supra. If the certificate fails to meet the requirements of the statute, it is an irregularity, but the jurisdiction of the court is not destroyed. *Butterfield* v. *Brady,* 111 Conn. 112, 113, 149 A. 252. The defect, if any, in the present case did not make the process void. It was merely voidable. *Fowler* v. *Bishop,* 32 Conn. 199, 208; *Woodruff* v. *Bacon,* 34 Conn. 181, 182. The defendant could take advantage of the irregularity only by the timely filing of a plea in abatement. *Bennett's Appeal,* 79 Conn. 578, 580, 65 A. 946; *Kenney* v. *Blakeslee,* 122 Conn. 242, 244, 188 A. 263; *Hudson* v. *Roberts,* 104 Conn. 126, 128, 132 A. 404. Jurisdiction is the power in a court to hear and determine the cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process. *Mazzei* v. *Cantales,* 142 Conn. 173, 175, 112 A.2d 205. Upon the record, the court had full jurisdiction to hear and determine the cause of action presented to it. The motion to erase could not take the place of a timely plea in abatement alleging that a proper certificate had not been filed.

There is no error.

In this opinion the other judges concurred.